616 So.2d 187 (1993)
STATE of Florida, Appellant,
v.
Curtis WILLIAMS, Appellee.
No. 92-1026.
District Court of Appeal of Florida, Fourth District.
April 7, 1993.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Carol Cobourn Asbury, Asst. Atty. Gen., West Palm Beach, for appellant.
Richard L. Jorandby, Public Defender, and Susan D. Cline, Asst. Public Defender, West Palm Beach, for appellee.
PER CURIAM.
Defendant pled guilty to one count of obtaining property in return for a worthless check and to one count of grand theft, and the trial court sentenced him to four years' imprisonment on each count to run concurrently. We reverse the sentence because the trial court failed to provide written reasons for the downward departure, which were required here because the state was not a party to the plea agreement.
The state argues that on remand, if defendant does not choose to withdraw his plea, he must be sentenced within the guidelines. Defendant argues that the trial court did not consider the sentencing guidelines scoresheet, that the scoresheet contains erroneous calculations, and that the trial court may have believed it was imposing a sentence within the guidelines, obviating the need for written reasons for a downward departure. It is not clear from this record whether the trial court did consider the scoresheet, and it does appear that the scoresheet contains erroneous calculations.
On remand the scoresheet must be clarified. Then, if the trial court believed it was imposing a sentence falling within the guidelines, the court can depart from the guidelines if it deems it proper to do so. State v. Vanhorn, 561 So.2d 584 (Fla. 1990). If the court knew it was departing from the guidelines, then defendant must be resentenced within the guidelines. Owens v. State, 598 So.2d 64 (Fla. 1992).
Reversed and remanded.
DELL, FARMER and KLEIN, JJ., concur.