639 So.2d 611 (1994)
Steven GEOHAGEN, Petitioner,
v.
STATE of Florida, Respondent.
No. 82846.
Supreme Court of Florida.
June 30, 1994.
Nancy A. Daniels, Public Defender and John R. Dixon and Abel Gomez, Asst. Public Defenders, Second Judicial Circuit, Tallahassee, for petitioner.
Robert A. Butterworth, Atty. Gen., James W. Rogers, Bureau Chief, and Amelia L. Beisner, Asst. Atty. Gen., Tallahassee, for respondent.
GRIMES, Chief Justice.
We review State v. Geohagen, 633 So.2d 22 (Fla. 1st DCA 1993), in which the court certified the following as a question of great public importance:
IN ADOPTING THE "RATIONALE" OF THE EN BANC OPINION IN KING V. STATE, 597 So.2d 309 (FLA. 2D DCA 1992), DID THE DECISION IN McKNIGHT V. STATE, 616 So.2d 31 (FLA. 1993) EXPRESSLY ADOPT THAT PORTION OF THE OPINION IN KING HOLDING THAT UPON SENTENCING A HABITUAL OFFENDER TO COMMUNITY CONTROL OR PROBATION, THE TRIAL COURT MUST (1) FIND PURSUANT TO § 775.084(4)(C) THAT A SENTENCE AS A HABITUAL OFFENDER WAS NOT NECESSARY AND (2) SENTENCE THE OFFENDER UNDER THE GUIDELINES, SETTING *612 FORTH WRITTEN REASONS FOR DOWNWARD DEPARTURE SHOULD THE GUIDELINES RECOMMENDATION CALL FOR A SENTENCE OTHER THAN PROBATION OR COMMUNITY CONTROL?
Id. at 24. We have jurisdiction under article V, section 3(b)(4) of the Florida Constitution.
Steven Geohagen pled no contest to charges of grand theft and fraudulent use of a credit card. The trial court found that Geohagen was a habitual offender yet sentenced him to five years' probation, a downward departure from the two and one-half to five and one-half years of incarceration recommended by the sentencing guidelines. The trial judge did not provide written reasons for the downward departure.
The State appealed and the district court of appeal, relying on McKnight v. State, 616 So.2d 31 (Fla. 1993), reversed Geohagen's sentence. The court stated that there was no indication in the record of a determination by the trial judge that a habitual offender sentence was not necessary to protect the public. In addition, the court held that the trial judge erred by not providing written reasons for his downward departure from the sentencing guidelines recommendation.
In King v. State, 597 So.2d 309, 316 (Fla. 2d DCA), review denied, 602 So.2d 942 (Fla. 1992), the court held that a judge who wishes to impose a sentence upon a habitual offender more lenient than the one provided by the habitual offender statute must decide that an enhanced sentence is not necessary to protect the public. See § 775.084(4)(c), Fla. Stat. (1989); id. at 316. Further, if the judge chooses not to impose a habitual offender sentence, the judge must still adhere to the sentencing guidelines. Id. In McKnight, 616 So.2d at 31, this Court adopted King's holding and rationale.
We did not intend nor do we read King to require a specific finding that an enhanced sentence is not necessary for the protection of the public. By virtue of sentencing a habitual offender to a more lenient sentence than that required by section 775.084, Florida Statutes (1991), the judge has necessarily decided that a habitual offender sentence is not necessary. However, the rationale of King clearly requires that if a habitual sentence is not imposed, the trial judge must state appropriate reasons for any downward departure from the sentencing guidelines.
We answer the first part of the certified question in the negative and the second part in the affirmative. We approve the decision of the district court of appeal to the extent indicated in this opinion.
It is so ordered.
OVERTON, SHAW, KOGAN and HARDING, JJ., and McDONALD, Senior Justice, concur.