675 So.2d 681 (1996)
STATE of Florida, Appellant,
v.
Justin W. HONIKER, Appellee.
No. 95-03828.
District Court of Appeal of Florida, Second District.
June 19, 1996.
*682 Robert A. Butterworth, Attorney General, Tallahassee, and Erica M. Raffel, Assistant Attorney General, Tampa, for Appellant.
James Marion Moorman, Public Defender, Bartow, and Allyn Giambalvo, Assistant Public Defender, Clearwater, for Appellee.
PER CURIAM.
The state appeals the trial court's downward departure from the sentencing guidelines. The trial court checked off the following reason on the sentencing guidelines form: "Defendant requires specialized treatment for addiction, mental disorder, or physical disability and the defendant is amenable to treatment." See Fla. R.Crim. P. 3.990; § 921.0016(4)(d), Fla. Stat. (Supp.1994). There is no evidence in the record to support this sole reason for departure. Accordingly, we reverse Mr. Honiker's sentence and remand for resentencing within the guidelines. Because Mr. Honiker's sentence was imposed pursuant to a plea agreement with the trial court,[1] on remand he should be given an opportunity to withdraw his plea. State v. Cohen, 667 So.2d 438 (Fla. 2d DCA 1996).
Reversed and remanded with directions.
DANAHY, A.C.J., and PATTERSON and ALTENBERND, JJ., concur.
NOTES
[1] While a "legitimate, uncoerced plea bargain" is generally a valid reason to depart from the guidelines, the state did not join with the trial court and Mr. Honiker in the plea bargain reached in this case and is not bound by it.