681 So.2d 1136 (1996)
Marvin Lee KING, Petitioner,
v.
STATE of Florida, Respondent.
No. 85026.
Supreme Court of Florida.
October 24, 1996.
*1137 Nancy A. Daniels, Public Defender and Raymond Dix, Assistant Public Defender, Tallahassee, for Petitioner.
Robert A. Butterworth, Attorney General; James W. Rogers, Bureau Chief and Amelia L. Beisner, Assistant Attorney General, Tallahassee, for Respondent.
HARDING, Justice.
We have for review King v. State, 648 So.2d 183, 186 (Fla. 1st DCA 1994), in which the First District Court of Appeal certified the following question as one of great public importance:
AFTER A TRIAL JUDGE MAKES A VALID FINDING THAT A DEFENDANT IS AN HABITUAL FELONY OFFENDER, AND IMPOSES A NON-HABITUAL OFFENDER SENTENCE OF PRISON, FOLLOWED BY PROBATION, AND THE DEFENDANT SERVES THE PRISON TERM, BUT SUBSEQUENTLY VIOLATES HIS ORDER OF PROBATION, MAY THE TRIAL JUDGE, UPON RESENTENCING, IMPOSE AN HABITUAL FELONY OFFENDER PRISON TERM, THE TOTAL OF WHICH DOES NOT EXCEED THE MAXIMUM ALLOWED BY LAW, PROVIDED THAT IT ALLOWS CREDIT FOR ALL PRIOR PERIODS OF INCARCERATION?
The district court also certified conflict with Davis v. State, 623 So.2d 547 (Fla. 2d DCA 1993). King, 648 So.2d at 186. We have jurisdiction based on article V, section 3(b)(4) of the Florida Constitution. For the reasons discussed below, we answer the certified question in the negative.
Marvin Lee King was charged in three separate cases. He entered a plea of nolo contendere to the charges in two cases. In the third case, he was charged with one count of burglary of a dwelling with assault and one count of robbery. Before trial, the State served King with notice of its intent to seek habitual felony offender sentencing. King was convicted as charged by a jury. Id. at 183.
At sentencing, the State reiterated its request that King be sentenced under section 775.084, Florida Statutes (1989), Florida's habitual felony offender statute, and urged the trial court to sentence King to the maximum sentence allowable as an habitual felon. King's lawyer indicated that King probably would qualify as an habitual felon based on his prior convictions, but asked the court to impose a guidelines sentence. The trial court sentenced King as follows:
I believe it appropriate that the Court at this time, first of all, find that you do qualify as a habitual felon offender because of the convictions for felonies within the five years prior to today's date. The Court, however, believes that considering the guideline sentence, considering the facts and circumstances of this case proved at trial, that the imposition of a sentence under the habitual felon saction [sic] is not necessary for the protection of the public because a satisfactory alternative exists in imposing a guideline sentence and, therefore, I shall not impose sentence in accordance with the habitual felon statute, but I shall hereby sentence you to 10 years in the state prison followed by two years' probation.
Although the trial judge found that King qualified as an habitual felony offender, he imposed a guidelines sentence of ten years in prison followed by two years' probation.
After serving the prison portion of his sentence, King violated his probation in January 1993. Before King's sentencing hearing for the violation of probation, the State filed another notice of its intent to seek habitual felony offender sentencing. The judge sentenced King to thirty years in state prison as an habitual offender, all sentences to run concurrently.[1] At King's sentencing, the trial judge said:

*1138 The Court finds, therefore, that the qualifying offenses have not been set aside by the application of a postconviction remedy nor has this defendant been pardoned on any of those, and the Court specifically finds at the time he was originally placed on supervision that he did, in fact, qualify for the imposition of habitual felony sanctions, and the Court further finds that it is permissible for this Court now to impose those sanctions based on the circumstances as they appeared at the time that he was originally put on probation.
In affirming King's sentence as an habitual felony offender, the district court concluded that the trial judge at King's second sentencing did not vacate or abandon the initial finding of habitual felony offender status. King, 648 So.2d at 185. The district court also noted that at the second sentencing the trial judge specifically found that King had been declared an habitual felon at the initial sentencing, that habitual felon sentencing was an option at the initial sentencing, and that nothing had changed during the intervening time that affected King's status as an habitual offender. Id. Therefore, the court concluded that once King violated probation, the sentencing judge could impose an habitual felon sentence, regardless of whether such a sentence was initially imposed. Id.
However, the court also noted possible conflict with the Second District Court of Appeal's decision in Davis, which held that an initial sentence of incarceration without habitual offender status followed by probation as an habitual offender was illegal. Davis, 623 So.2d at 548. Thus, the First District Court of Appeal certified conflict with Davis. King, 648 So.2d at 186. The court also certified the issue presented as one of great public importance. Id.
Judge Benton filed a concurring and dissenting opinion, arguing that King's sentence is "unlawful and unconstitutional." Id. at 192 (Benton, J., concurring and dissenting). Judge Benton stated that "[u]nder applicable constitutional, statutory, and rule provisions and under the decided cases, the trial court erred in resentencing [King] under the habitual offender statute after initially imposing a probationary split guidelines sentence for the same offenses." Id. (Benton, J., concurring and dissenting). Citing Florida Rule of Criminal Procedure 3.701(d)(14),[2] Judge Benton concluded that King's sentence following revocation of probation must be in accordance with the guidelines. King, 648 So.2d at 190 (Benton, J., concurring and dissenting).
The issue presented here is whether a trial judge, upon revocation of probation, can lawfully impose an habitual felony offender sentence, despite having declined to impose such a sentence at the original sentencing. Based upon section 948.06(1), Florida Statutes (1989),[3] and the fact that King violated his order of probation, the district court concluded that the trial judge properly imposed an habitual offender sentence upon revocation of King's probation. King, 648 So.2d at 185. However, we agree with Judge Benton that King's sentence is improper.[4]
Sentencing under the habitual felon statute is permissive, not mandatory, Burdick v. State, 594 So.2d 267 (Fla.1992), and involves a two-step determination. First, the *1139 sentencing judge must determine whether a defendant qualifies as an habitual offender. § 775.084(3), Fla. Stat. (1989).[5] This determination is ministerial rather than discretionary. King v. State, 597 So.2d 309, 313 (Fla. 2d DCA), review denied, 602 So.2d 942 (Fla. 1992).[6] Second, the judge must decide whether the defendant will be sentenced as an habitual felony offender. Id.; § 775.084(4)(c), Fla. Stat. (1989).[7] Even where a judge determines that a defendant is an habitual felony offender, the judge can still determine that sentencing under the habitual offender statute is not necessary for the protection of the public. Geohagen v. State, 639 So.2d 611 (Fla.1994). Moreover, the judge need not make a specific finding that an enhanced sentence is not necessary for the protection of the public; the judge necessarily makes such a decision by virtue of sentencing an habitual offender to a more lenient sentence than that required by the habitual felon statute. State v. Rinkins, 646 So.2d 727, 729 (Fla.1994); Geohagen, 639 So.2d at 612.
However, where an habitual offender sentence is not imposed, the judge "must still adhere to the sentencing guidelines." Rinkins, 646 So.2d at 729; accord Geohagen, 639 So.2d at 611. As the Second District Court of Appeal explained in King,
[s]hould the trial judge decide, pursuant to subsection 775.084(4)(c), not to sentence a person as an habitual felony offender, even though that person qualifies as an habitual offender, any sentence then imposed must comport with sentencing guidelines or departure rules.
597 So.2d at 315.[8] It is the decision to not sentence the defendant as an habitual felony offender pursuant to section 775.084 that triggers the sentencing guidelines procedures. Id. at 316; see also § 775.084(4)(e), Fla. Stat. (1989) ("A sentence imposed under this section shall not be subject to the provisions of s. 921.001.").
The substantive offenses of which King was convicted, burglary and robbery, are punishable "as provided in s. 775.082, s. 775.083, or s. 775.084." §§ 810.02, 812.13, Fla. Stat. (1989) (emphasis added). Section 775.082 specifies the maximum term of imprisonment permissible for each classification of offense. Section 775.083 details the maximum fines applicable to designated crimes and noncriminal violations. Both imprisonment under section 775.082 and a fine *1140 under section 775.083 may be imposed for a single offense because section 775.083 specifically provides that "[a] person who has been convicted of an offense other than a capital felony may be sentenced to pay a fine in addition to any punishment described in s. 775.082." § 775.083(1), Fla. Stat. (1989); see also Missouri v. Hunter, 459 U.S. 359, 368-69, 103 S.Ct. 673, 679-80, 74 L.Ed.2d 535 (1983) (stating that where legislature specifically authorizes cumulative punishment under two statutes for the same conduct prosecutor may seek and court may impose cumulative punishment in single trial). However, nothing in section 775.084 authorizes that sentencing be imposed under that statute in addition to the punishment described in section 775.082. Moreover, section 775.084 specifically provides that "[i]f the court decides that imposition of sentence under this section is not necessary for the protection of the public, sentence shall be imposed without regard to this section." § 775.084(4)(c), Fla. Stat. (1989) (emphasis added). Thus, the sentencing judge may elect to impose an habitual offender sentence or a guidelines sentence, but not both.
In this case, the record shows that the original sentencing judge not only concluded that it was unnecessary to sentence King as an habitual offender, but also explicitly rejected the habitual offender sentencing option and imposed a guidelines sentence under section 775.082 instead. Having served the imprisonment portion of his sentence under the guidelines, King cannot be sentenced as an habitual offender upon revocation of probation. Hybrid split sentences of incarceration without habitual offender status followed by probation as an habitual offender are not authorized by section 775.084 and are in fact inconsistent with the plain language of the statute.
However, contrary to the Second District Court of Appeal's conclusion in Davis and a number of its previous opinions,[9] such sentences are not "illegal." As we explained in a recent case, a sentence is illegal "if the sentence exceeds the maximum allowed by law." Davis v. State, 661 So.2d 1193, 1196 (Fla.1995).[10] Under this definition, a hybrid split sentence of incarceration under the guidelines followed by probation as an habitual offender, although not authorized by statute or rule, is not an illegal sentence unless the total sentence imposed exceeds the statutory maximum for the particular offense at issue.
The defendant in the conflict case apparently agreed to a hybrid split sentence as part of a negotiated plea agreement. See Davis, 623 So.2d at 548. While a trial court cannot impose an illegal sentence pursuant to a plea bargain, Williams v. State, 500 So.2d 501, 503 (Fla.1986), it can impose a negotiated sentence that is not specifically authorized by statute. Cf. Quarterman v. State, 527 So.2d 1380, 1382 (Fla.1988) (finding that defendant's violation of plea agreement condition that he appear at sentencing was clear and convincing reason for departure sentence even though failure to appear for sentencing in and of itself was not valid reason for departure). This distinction between an unauthorized and an illegal sentence does not change the result for King: absent a valid agreement to the contrary, the judge had no authority to impose this hybrid sentence and it must be reversed. However, we distinguish those instances where a defendant agrees to such a sentence as part of an otherwise valid plea agreement and the negotiated sentence does not exceed the statutory maximum for the particular offense involved. Thus, we disapprove the Second District Court of Appeal's opinion in Davis to the extent that it is inconsistent with this opinion.[11]
*1141 For the reasons discussed above, we find that King was improperly sentenced as an habitual offender upon revocation of his probation. Rule 3.701(d)(14) unequivocally requires that "[s]entences imposed after revocation of probation or community control must be in accordance with the guidelines." Thus, upon resentencing the court may impose a one-cell increase for each violation of probation. Williams v. State, 594 So.2d 273 (Fla.1992); Fla. R.Crim. P. 3.701(d)(14) ("The sentence imposed after revocation of probation or community control may be included within the original cell (guidelines range) or may be increased to the next higher cell (guidelines range) without requiring a reason for departure.").
Accordingly, we answer the certified question in the negative, quash the decision below, and remand for proceedings consistent with this opinion. We disapprove the Second District Court of Appeal's opinion in Davis to the extent that it is inconsistent with this opinion.
It is so ordered.
KOGAN, C.J., and OVERTON, SHAW, GRIMES, WELLS and ANSTEAD, JJ., concurring.
NOTES
[1] After violating probation, King was sentenced as an habitual felon in all three of his original cases. On appeal, the State conceded that the sentences in the two cases in which King pleaded nolo contendere should be reversed and remanded for resentencing because King was misinformed about the maximum sentence that could be imposed before he entered his pleas. King v. State, 648 So.2d 183, 183 (Fla. 1st DCA 1994). Thus, only the habitual offender sentence imposed in the case that went to trial is before this Court.
[2] Florida Rule of Criminal Procedure 3.701(d)(14) provides:

Sentences imposed after revocation of probation or community control must be in accordance with the guidelines. The sentence imposed after revocation of probation or community control may be included within the original cell (guidelines range) or may be increased to the next higher cell (guidelines range) without requiring a reason for departure.
[3] Section 948.06(1), Florida Statutes (1989), deals with violation of probation and the consequences thereof. The statute provides, in pertinent part, that upon revocation of probation "the court shall ... impose any sentence which it might have originally imposed before placing the probationer on probation." § 948.06(1), Fla. Stat. (1989).
[4] King also argues that his sentence violates the constitutional guarantee against double jeopardy. Because we conclude that King's sentence is otherwise improper, we do not address the double jeopardy issue.
[5] Section 775.084(3), Florida Statutes (1989), provides:

(3) In a separate proceeding, the court shall determine if the defendant is a habitual felony offender or a habitual violent felony offender. The procedure shall be as follows:
(a) The court shall obtain and consider a presentence investigation prior to the imposition of a sentence as a habitual felony offender or a habitual violent felony offender.
(b) Written notice shall be served on the defendant and his attorney a sufficient time prior to the entry of a plea or prior to the imposition of sentence so as to allow the preparation of a submission on behalf of the defendant.
(c) Except as provided in paragraph (a), all evidence presented shall be presented in open court with full rights of confrontation, cross-examination, and representation by counsel.
(d) Each of the findings required as the basis for such sentence shall be found to exist by a preponderance of the evidence and shall be appealable to the extent normally applicable to similar findings.
(e) For the purpose of identification of a habitual felony offender or a habitual violent felony offender, the court shall fingerprint the defendant pursuant to s. 921.241.
[6] The cited case involved a different individual (Aaron Calvin King) than the petitioner in the instant case (Marvin Lee King).
[7] Section 775.084(4)(c), Florida Statutes (1989), provides:

(c) If the court decides that imposition of sentence under this section is not necessary for the protection of the public, sentence shall be imposed without regard to this section. At any time when it appears to the court that the defendant is a habitual felony offender or a habitual violent felony offender, the court shall make that determination as provided in subsection (3).
[8] We disapprove King v. State, 597 So.2d 309 (Fla. 2d DCA 1992), to the extent that the opinion permits an habitual offender sentence to be imposed upon revocation of probation where the habitual offender was originally sentenced under the guidelines rather than under the habitual offender statute. See id. at 316-17. We also clarify that we "adopt[ed] the rationale of the en banc opinion in King" only on the issue of a trial judge's discretion to place an habitual felony offender on probation. McKnight v. State, 616 So.2d 31, 31 (Fla.1993).
[9] See Thompson v. State, 618 So.2d 335, 336 (Fla. 2d DCA 1993) (finding split sentence of incarceration under the sentencing guidelines followed by probation as habitual offender to be "illegal hybrid sentence"); Moorer v. State, 614 So.2d 643, 644 (Fla. 2d DCA 1993) (finding similar split sentence to be "improper"); Burrell v. State, 610 So.2d 594, 596 (Fla. 2d DCA 1992) (finding sentencing part of negotiated plea to be voidable because similar split sentence was "illegal sentence").
[10] The cited case involved a different individual from the certified conflict case.
[11] We also disapprove Thompson, Moorer, and Burrell to the extent that they are inconsistent with this opinion. We recognize that these cases, as well as the conflict case of Davis, were decided before we issued our opinion in Davis v. State, 661 So.2d 1193, 1196 (Fla.1995), defining an illegal sentence.