684 So.2d 263 (1996)
Steven SIMON, Appellant,
v.
STATE of Florida, Appellee.
No. 95-3544.
District Court of Appeal of Florida, Fourth District.
December 4, 1996.
*264 Nathan P. Diamond of Nathan P. Diamond, P.A., Miami, for appellant.
Robert A. Butterworth, Attorney General, Tallahassee, Myra J. Fried and Joan L. Greenberg, Assistant Attorneys General, West Palm Beach, for appellee.
STEVENSON, Judge.
Appellant, Steven Simon, appeals an habitual offender sentence, which was imposed following revocation of probation. At the sentencing hearing for the underlying offenses, Judge Hubert Lindsay "declared" appellant an habitual offender and sentenced him to a consecutive total of fifty years incarceration for five separate counts, but suspended that sentence and placed appellant on probation for a concurrent total of five years with the special condition that appellant complete the drug farm program. Upon revocation of appellant's probation due to probation violations, Judge Marvin Mounts sentenced appellant to a total of sixty-five (65) years incarceration as an habitual offender. Because the original trial judge failed to initially impose an habitual offender sentence, we conclude that the subsequent imposition of habitual offender sanctions by the successor trial judge amounted to an improper "hybrid" sentence.
When the trial court suspended the imposition of any habitual offender sanctions at the original sentencing hearing, the trial court necessarily found that the imposition of an enhanced sentence was "not necessary for the protection of the public." See § 775.084(4)(c), Fla. Stat. (1993). Therefore, we find that this case is controlled by King v. State, 681 So.2d 1136 (Fla. 1996.) Having declined to actually impose an habitual offender sentence at the original sentencing hearing, the trial court may not, upon revocation of probation, impose an habitual offender sentence absent agreement by the defendant. Appellant's "suspended" sentence as an habitual offender was nothing more than a legal fiction where he suffered no actual habitual offender sanctions.[1] Accordingly, we reverse and remand for the imposition of a guidelines or, if appropriate, departure sentence.
REVERSED and REMANDED.
DELL and SHAHOOD, JJ., concur.
NOTES
[1] In fact, the "suspended" fifty year habitual offender sentence, which was orally imposed by the trial court at the sentencing hearing, was not even mentioned in the written judgment of guilt and probation order.