698 So.2d 349 (1997)
STATE of Florida, Appellant,
v.
Kirk Douglas KENNEDY, Appellee.
No. 96-4177.
District Court of Appeal of Florida, Fourth District.
August 20, 1997.
*350 Robert A. Butterworth, Attorney General, Tallahassee, and Denise S. Calegan, Assistant Attorney General, West Palm Beach, for appellant.
Richard L. Jorandby, Public Defender, and Louis G. Carres, Assistant Public Defender, West Palm Beach, for appellee.
DELL, Judge.
The State of Florida charged Kirk Douglas Kennedy in an eleven count information with felony driving under the influence, felony driving while license suspended, obtaining a driver's license by fraud, perjury in filing a driver's license application, forgery, obtaining an identification card by fraud and uttering a forgery. Kennedy entered a plea of guilty on all charges. The trial court departed from the sentencing guidelines based on a plea agreement and Kennedy's need for alcohol treatment. Kennedy was sentenced on *351 the driving under the influence of alcohol charge to 115 days, the time he served. On counts two through eleven, the trial court sentenced Kennedy to ten years as an habitual felony offender, based on ten prior convictions for driving under the influence. However, the court suspended Kennedy's habitual offender sentence conditioned upon his successful completion of one year in the longtrack drug farm program[1] followed by nine years of probation. The State appeals the sentences imposed by the trial court.
The State contends the record does not support departure from the guidelines based on either a legitimate uncoerced plea or the need for alcohol treatment. We agree with the State's argument that the plea bargain entered into between the trial court and Kennedy without the State's consent cannot support a downward departure from the guidelines. A "plea bargain contemplates an agreement between the state and the defendant which is approved by the court." See State v. McCarthy, 502 So.2d 955, 956 (Fla. 2d DCA 1987). In this case, the State did not participate in the plea agreement and repeatedly objected to the sentence imposed upon Kennedy. When the State is not a party to a plea agreement, the agreement cannot serve as a basis for a downward departure from the sentencing guidelines. See State v. Herrick, 691 So.2d 540 (Fla. 5th DCA 1997); State v. Honiker, 675 So.2d 681, 682 n. 1 (Fla. 2d DCA 1996); State v. Williams, 616 So.2d 187 (Fla. 4th DCA 1993).
We also agree with the State that the record does not support the trial court's downward departure sentence based on the need for alcohol treatment. In certain cases, intoxication can be a valid reason for a downward departure sentence. See Herrin v. State, 568 So.2d 920, 921 (Fla.1990); Barbera v. State, 505 So.2d 413, 413-14 (Fla.1987), receded from on other grounds, Pope v. State, 561 So.2d 554 (Fla.1990). However, in order to use alcohol treatment as a justification for a downward departure, there must be evidence that the defendant is amenable to rehabilitation. See Herrin, 568 So.2d at 921. There is no evidence demonstrating that Kennedy voluntarily sought treatment or that he was amenable to rehabilitation, therefore, treatment for Kennedy's dependency was an insufficient reason to support the departure. We hold that a legitimate uncoerced plea and alcohol treatment were not valid reasons for departing from the sentencing guidelines in this case.
The State next contends the trial court erred in suspending Kennedy's ten year sentence as an habitual offender because the suspended sentence constituted an unlawful departure from the sentencing guidelines without adequate written reasons. A trial court has discretion to determine whether and to what extent an habitual offender sentence is necessary and appropriate:
Sentencing under the habitual felon statute is permissive, not mandatory, and involves a two-step determination. First, the sentencing judge must determine whether a defendant qualifies as an habitual offender. This determination is ministerial rather than discretionary. Second, the judge must decide whether the defendant will be sentenced as an habitual felony offender. Even where a judge determines that a defendant is an habitual felony offender, the judge can still determine that sentencing under the habitual offender statute is not necessary for the protection of the public. Moreover, the judge need not make a specific finding that an enhanced sentence is not necessary for the protection of the public; the judge necessarily makes such a decision by virtue of sentencing an habitual offender to a more lenient sentence than that required by the habitual felon statute.
King v. State, 681 So.2d 1136, 1138-39 (Fla. 1996) (citations and footnotes omitted). Section 775.084(4)(d), Florida Statutes (1995), provides that where a court decides that imposition of a sentence under the habitual offender statute is not necessary, sentence shall be imposed without regard to the habitual *352 offender statute. "However, where an habitual offender sentence is not imposed, the judge `must still adhere to the sentencing guidelines.'" See King, 681 So.2d at 1139 (quoting State v. Rinkins, 646 So.2d 727, 729 (Fla.1994)). A sentencing court "may elect to impose an habitual offender sentence or a guidelines sentence, but not both." See King, 681 So.2d at 1140; see also Geohagen v. State, 639 So.2d 611, 612 (Fla.1994) ("if the judge chooses not to impose a[sic] habitual offender sentence, the judge must still adhere to the sentencing guidelines ... [and] state appropriate reasons for any downward departure from the sentencing guidelines").
In this case, the court sentenced Kennedy to ten years, the maximum imprisonment allowed for a third degree felony under the habitual offender statute. See Fla. Stat. § 775.084(4)(a)(3). In pronouncing the sentence, the court stated that Kennedy is "a danger to the public at large" and sentenced him as an habitual felony offender "for the protection of the public." However, when the trial court subsequently suspended the habitual offender sanctions, it necessarily found that the imposition of an enhanced sentence was "not necessary for the protection of the public." See Geohagen v. State, 639 So.2d at 612; Simon v. State, 684 So.2d 263, 264 (Fla. 4th DCA 1996) (quoting Fla. Stat. § 775.084(4)(c)). The trial court should have sentenced Kennedy pursuant to the sentencing guidelines with written reasons for the downward departure since it did not sentence him as an habitual felony offender. See King, 681 So.2d at 1140. See also State v. McEachern, 700 So.2d 1 (Fla. 5th DCA 1997) (the State can appeal a sentence that is not authorized under the sentencing guidelines). The trial court did not provide valid reasons for a downward departure, therefore, Kennedy's suspended sentence for each of the remaining charges must also be reversed.
Accordingly, we reverse the trial court's sentence on the driving under the influence charge, and remand with instructions to allow Kennedy to either withdraw his plea or be sentenced under the guidelines. We also reverse the trial court's sentence on counts two through eleven and remand with instructions to allow Kennedy to either withdraw his plea or be sentenced pursuant to the sentencing guidelines or as an habitual felony offender.
REVERSED and REMANDED.
GUNTHER and GROSS, JJ., concur.
NOTES
[1] The long-track drug farm program is a live-in drug rehabilitation program operated by the sheriff as a boot camp.