PER CURIAM.
We have for review Albritton v. State, 681 So.2d 759 (Fla. 5th DCA 1996), which conflicts with this Court’s recent opinion in King v. State, 681 So.2d 1136 (Fla.1996). We have jurisdiction. Art. V, § 3(b)(3), Fla. Const.
In King, we held that where a trial judge determines that a defendant qualifies as a habitual offender but imposes a non-habitual offender sentence of imprisonment followed by probation, upon a subsequent violation of probation by the defendant, the trial judge on resentencing may not impose a habitual offender sentence. 681 So.2d at 1141. Under Rule 3.701(d)(14) of the Florida Rules of Criminal Procedure, “[sjentences imposed after revocation of probation or community control must be in accordance with the [sentencing] guidelines.” Accordingly, we quash the decision below and remand for proceedings consistent with our opinion in King.
It is so ordered.
KOGAN, C.J., OVERTON, SHAW, HARDING, WELLS and ANSTEAD, JJ., and GRIMES, Senior Justice, concur.