LAWRENCE, J.,
dissenting.
Ernest L. Spencer (Spencer) pleaded guilty to trespass of an inhabited structure, resisting law enforcement without violence, and aggravated battery, as the result of breaking into the home of the victim, biting her on the face and beating her with a bottle before being stabbed *1249 with a kitchen knife by the victim’s child. Spencer acknowledged his habitual violent felony offender status by stating, in his plea agreement: “I ... agree that I qualify for sentencing as a habitual violent felony offender.” The judge pursuant to the plea agreement sentenced Spencer to concurrent one-year jail sentences for the misdemeanors, followed by ten years’ probation for the felony (aggravated battery).
Spencer’s probation was revoked and he was sentenced to community control and five years’ probation. Spencer subsequently violated his community control and was sentenced to fifteen years in prison as an habitual violent felon. Spencer, who neither objected to his sentence at the sentencing hearing, nor by postsentencing motion, appeals.
We know that: “An appeal may not be taken from a judgment or order of a trial court unless a prejudicial error is alleged and is properly preserved or, if not properly preserved, would constitute fundamental error.” § 924.051(3), Fla. Stat. (1997). It is undisputed that Spencer failed to raise below the issue he raises here.
The majority nevertheless finds that Spencer’s habitual offender sentence is illegal, and hence fundamental error, based on King v. State, 681 So.2d 1136 (Fla.1996). The King court negatively answered the question:
After a trial judge makes a valid finding that a defendant is an habitual felony offender, and imposes a non-habitual offender sentence of prison, followed by probation, and the defendant serves the prison term, but subsequently violates his order of probation, may the trial judge, upon resentencing, impose an habitual felony offender prison term, the total of which does not exceed the maximum allowed by law, provided that it allows credit for all prior periods of incarceration?
Id. at 1137. The court held:
In this case, the record shows that the original sentencing judge not only concluded that it was unnecessary to sentence King as an habitual offender, but also explicitly rejected the habitual offender sentencing option and imposed a guidelines sentence under section 775.082 instead. Having served the imprisonment portion of his sentence under the guidelines, King cannot be sentenced as an habitual offender upon revocation of probation.
Id. at 1140 (emphasis added). King thus is inapposite to the instant case: Spencer’s sentencing judge reached no such conclusion. The King court moreover expressly noted that negotiated sentences are valid:
[A] hybrid split sentence of incarceration under the guidelines followed by probation as an habitual offender, although not authorized by statute or rule, is not an illegal sentence unless the total sentence imposed exceeds the statutory maximum for the particular offense at issue.
The defendant in the conflict case apparently agreed to a hybrid split sentence as part of a negotiated plea agreement. While a trial court cannot impose an illegal sentence pursuant to a plea bargain, it can impose a negotiated sentence that is not specifically authorized by statute.
Id. (citation omitted) (emphasis added). Spencer, unlike King, originally negotiated a sentence rather than going to trial. Spencer, unlike King, originally acknowledged his habitual violent felony offender status as part of his written guilty plea. The trial judge was authorized to sentence Spencer to “any sentence which [he] might have originally imposed before placing [Spencer] on probation or into community control.” § 948.06(1), Fla. Stat. (1997).
Spencer undisputedly failed to preserve the sentencing issue he raises here and, in my view, fails to show an illegal sentence within the meaning of King. I therefore would affirm the trial judge’s sentence of *1250 fifteen, years in prison as an habitual violent felony offender.