748 So.2d 314 (1999)
David J. WELLING, Appellant,
v.
STATE of Florida, Appellee.
No. 99-1603.
District Court of Appeal of Florida, Fourth District.
November 3, 1999.
Rehearing Denied January 21, 2000.
David J. Welling, Punta Gorda, pro se.
Robert A. Butterworth, Attorney General, Tallahassee, and Don M. Rogers, Assistant Attorney General, West Palm Beach, for appellee.

EN BANC
KLEIN, J.
In 1993, appellant was convicted of burglary of a dwelling and pronounced a habitual felony offender by the trial court. He was then given a sentence of thirty years, a period authorized only by the habitual offender statute, but the court suspended the sentence with a condition of twelve to fourteen months in a drug farm. In 1994, the trial court revoked appellant's probation and sentenced him, as a habitual offender, to thirty years. This is an appeal from an order denying post-conviction relief which appellant sought on the ground that his sentence on revocation of probation was illegal. We affirm.
One of the cases relied on by appellant for the argument that his sentence was illegal is King v. State, 681 So.2d 1136 (Fla.1996). In King, the trial court found that the defendant qualified as a habitual offender under section 775.084, Florida Statutes, but declared that a habitual offender sentence was unnecessary and imposed a guideline sentence of ten years in prison followed by two years probation. After serving the prison portion of his sentence, King violated his probation and the trial court then sentenced King to thirty years in prison as a habitual offender. The supreme court reversed, explaining:
Sentencing under the habitual felon statute is permissive, not mandatory, and involves a two-step determination. First, the sentencing judge must determine whether a defendant qualifies as an habitual offender. This determination is ministerial rather than discretionary. Second, the judge must decide whether the defendant will be sentenced as an habitual felony offender. Even where a judge determines that a defendant is an habitual felony offender, the judge can still determine that sentencing under the habitual offender statute is not necessary for the protection of the public. Moreover, the judge need not make a specific finding that an enhanced *315 sentence is not necessary for the protection of the public; the judge necessarily makes such a decision by virtue of sentencing an habitual offender to a more lenient sentence than that required by the habitual felon statute.
Id. at 1138-39 (citations and footnotes omitted).
The supreme court concluded that King could be given only a guidelines sentence upon revocation of his probation.
Appellant argues that when the trial court suspended his enhanced sentence and placed him on probation, the court essentially found that an enhanced sentence was not necessary for the protection of the public under King, and that he cannot now be given a habitual offender sentence. In support of that argument appellant cites our decision in State v. Kennedy, 698 So.2d 349 (Fla. 4th DCA 1997). In Kennedy, the trial court sentenced defendant to ten years as a habitual felony offender, but suspended the sentence conditioned upon successful completion of one year in the drug farm followed by nine years probation. The state appealed that sentence, and we reversed, stating:
In this case, the court sentenced Kennedy to ten years, the maximum imprisonment allowed for a third degree felony under the habitual offender statute. See Fla. Stat. § 775.084(4)(a)(3). In pronouncing the sentence, the court stated that Kennedy is "a danger to the public at large" and sentenced him as an habitual felony offender "for the protection of the public." However, when the trial court subsequently suspended the habitual offender sanctions, it necessarily found that the imposition of an enhanced sentence was "not necessary for the protection of the public." See Geohagen v. State, 639 So.2d at 612; Simon v. State, 684 So.2d 263, 264 (Fla. 4th DCA 1996) (quoting Fla. Stat. § 775.084(4)(c)). The trial court should have sentenced Kennedy pursuant to the sentencing guidelines with written reasons for the downward departure since it did not sentence him as an habitual felony offender. See King, 681 So.2d at 1140.
Id. at 352.
Although we must agree with appellant that Kennedy is on all fours with his case, we have concluded that we misapplied King in Kennedy, and that we must now recede from Kennedy. The significant distinction between King and Kennedy is that in King, although the trial court found that the defendant qualified as a habitual offender, it imposed only a guideline sentence. As the supreme court explained:
In this case, the record shows that the original sentencing judge not only concluded that it was unnecessary to sentence King as an habitual offender, but also explicitly rejected the habitual offender sentencing option and imposed a guidelines sentence under section 775.082 instead. Having served the imprisonment portion of his sentence under the guidelines, King cannot be sentenced as an habitual offender upon revocation of probation.
Id. at 1140. In Kennedy, the trial court declared defendant to be a habitual offender and, unlike the court in King, imposed a sentence authorized only by the habitual offender statute. Similarly, in the present case, the sentence imposed was authorized only by the habitual offender statute.
It is apparent from our opinion in Kennedy that we equated suspending the habitual offender sentence in Kennedy with the imposition of the guideline sentence in King. We reasoned that in each case the trial court had necessarily concluded that an enhanced sentence was not necessary in order to protect the public. 698 So.2d at 352.
As authority in Kennedy we cited Geohagen v. State, 639 So.2d 611 (Fla.1994). Geohagen is, however, distinguishable from Kennedy. In Geohagen the trial court found defendant qualified as a habitual offender, but sentenced the defendant to only five years on probation, a downward *316 departure from the guidelines permitted range of two and one half to five and one half years incarceration.[1] On the other hand, in Kennedy, as in the present case, the number of years contained in the sentence would have been authorized only by the habitual offender statute. Simon v. State, 684 So.2d 263 (Fla. 4th DCA 1996), which we also cited in Kennedy, is distinguishable for the same reason as Geohagen.
The common thread running through King, Geohagen, and Simon is that the trial courts found the defendants in those cases qualified to be habitual offenders, but the courts never imposed habitual offender sentences. Instead, the courts sentenced the defendants for a number of years which were within the guidelines permitted range. According to King, when the trial court declares the defendant to be a habitual offender, but imposes a sentence for a period of years which is within the guidelines, only a guideline sentence can be imposed if the defendant violates probation. In Kennedy and the present case, the trial courts declared the defendants to be habitual offenders and imposed longer than guidelines sentences authorized only by the habitual offender statute. Although there was at one time confusion as to whether trial courts could suspend habitual offender sentences, that was resolved in McKnight v. State, 616 So.2d 31 (Fla.1993), in which the court held that a "trial judge has the discretion to place a habitual felony offender on probation."
Because McKnight authorizes trial courts to place habitual offenders on probation, the sentences imposed in Kennedy and in the present case were valid habitual offender sentences. We therefore recede from Kennedy to the extent that it says otherwise and affirm the imposition of the thirty year habitual offender sentence on revocation of appellant's probation. We remind trial judges, however, that where they impose habitual offender sentences that are more lenient than sentences required by the guidelines, they must state reasons for departing downward from the guidelines. State v. Rinkins, 646 So.2d 727 (Fla.1994).
WARNER, C.J., DELL, GUNTHER, STONE, POLEN, FARMER, STEVENSON, SHAHOOD, GROSS, TAYLOR and HAZOURI, JJ., concur.
NOTES
[1] These numbers are shown only in the opinion of the first district which the supreme court was reviewing in Geohagen. State v. Geohagen, 633 So.2d 22 (Fla. 1st DCA 1993).