757 So.2d 1273 (2000)
George SAMUELS, Appellant,
v.
STATE of Florida, Appellee.
No. 4D99-3285.
District Court of Appeal of Florida, Fourth District.
May 24, 2000.
*1274 Richard L. Jorandby, Public Defender, and Sophia Letts, Assistant Public Defender, West Palm Beach, for appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Heidi L. Bettendorf, Assistant Attorney General, West Palm Beach, for appellee.
PER CURIAM.
This is an appeal by George Samuels from a trial court order which denied his motion to correct illegal sentence challenging his habitual felony offender sentencing following his violation of probation. We reverse and remand for re-sentencing.
Appellant pled guilty to burglary of a dwelling with a battery and strong arm robbery, and was sentenced to three years of probation. He later violated that probation. The state, for the first time, moved to declare him a habitual violent felony offender for enhanced sentencing purposes. The trial court granted the motion and sentenced Appellant to life in prison for the burglary, with battery and to 30 years in prison for the robbery.
Appellant did not file a direct appeal, but did file several prior collateral proceedings, including a habeas corpus petition in which he included among his claims an argument that his habitual violent felony offender sentencing for violation of probation was illegal and in violation of double jeopardy. This court denied habeas corpus relief without prejudice to petitioner's right to raise any appropriate claims for relief in a rule 3.800(a) motion to correct illegal sentence.
Next appellant filed a motion to correct illegal sentence pursuant to rule 3.800(a), Fla. R.Crim.P. in which he alleged that his habitual violent felony offender sentencing was illegal because it increased the sentences originally imposed after he had commenced serving them, in violation of double jeopardy. He raised additional challenges, which we deem to be without merit and, thus, will not address herein.
Rule 3.800(a) is available for the sentencing challenge Appellant makes in this case. See Blakley v. State, 746 So.2d 1182 (Fla. 4th DCA 1999), and Austin v. State, 756 So.2d 1080 (Fla. 4th DCA 2000). Appellant's habitual violent felony offender sentences for violation of probation were illegal because his original sentences were not enhanced under the habitual violent felony offender statute, and he was not found to be a habitual violent felony offender. See Snead v. State, 616 So.2d 964 (Fla.1993); Moore v. State, 616 So.2d 596 (Fla. 4th DCA), rev. denied, 624 So.2d 268 (Fla.1993); Scott v. State, 550 So.2d 111 (Fla. 4th DCA 1989), rev. dismissed, 560 So.2d 235 (Fla.1990).
For the reasons above, Appellant's sentences for revocation of probation are reversed and remanded for re-sentencing.
REVERSED AND REMANDED.
GUNTHER, STONE, and SHAHOOD, JJ., concur.