DAVIS, Judge.
Paul H. Begley challenges the sentence he received after the trial court revoked his probation. Begley argues that he is entitled to relief because the trial court sentenced him pursuant to the 1995 sentencing guidelines, which the Florida Supreme Court found to be unconstitutional. We conclude that this case should be remanded to the trial court for reconsideration of Begley’s sentence.
Begley avers that the trial court erred by sentencing him to a 1995 guidelines sentence. The State argues that Begley is not entitled to relief because he did not receive a 1995 guidelines sentence, but was sentenced to a habitual felony offender sentence, which falls outside of the guidelines. We must determine whether the trial court sentenced Begley to a 1995 guidelines sentence or to a habitual felony offender sentence.
At first glance, the record contains potentially inconsistent findings or rulings. We initially observe that the 1995 score-sheet provided a sentencing range of 69 months’ to 115 months’ incarceration. The trial judge announced that he intended to impose a sentence of 69 months’ imprisonment as a habitual felony offender. The trial judge then said, “I am going to give you a bottom of the guidelines sentence in this case.” The trial court’s written sentence did not designate Begley as a habitual felony offender. However, the trial court specifically marked a box on the scoresheet designating Begley a habitual felony offender.
After reviewing the entirety of the record, we conclude that the trial court intended to preserve Begley’s habitual offender status and, at the same time, impose a guidelines sentence. This is permissible. See King v. State, 681 So.2d 1136, 1138-39 (Fla.1996). Having determined that the trial court imposed a 1995 guidelines sentence, we conclude that Begley may be entitled to relief.
The Florida Supreme Court recently held that chapter 95-184, which contained the 1995 sentencing guidelines, is unconstitutional as violative of the single-subject rule. See Heggs v. State, 759 *1092 So.2d 620 (Fla.2000). Begley committed his offense on April 20, 1997, which puts him within the appropriate “window” for potential relief outlined in Trapp v. State, 760 So.2d 924 (Fla.2000). Because the trial court used a 1995 guidelines scoresheet when it sentenced Begley, we must remand for reconsideration of Begley’s scoresheet. See Smith v. State, 761 So.2d 419 (Fla. 2d DCA 2000). If Begley’s sentence falls within the range permitted by this 1994 sentencing guidelines, resentenc-ing will be unnecessary, and the circuit court should enter an order demonstrating that Begley’s sentence does not require adjustment. If his current sentence exceeds the range under the 1994 guidelines, however, he will be entitled to relief and must be resentenced.
Remanded for further proceedings consistent with this opinion.
ALTENBERND, A.C.J., and NORTHCUTT, J., concur.