PER CURIAM.
The State appeals Appellee’s downward departure sentences. We have jurisdiction. § 924.07(1)®, Fla. Stat.; Fla. R.App. P. 9.140(c)(l)(K).
The trial court’s articulated reason for departure was not a valid basis for departure under section 921.0016(4)(a), Florida Statutes, or under the circumstances of this case.[1] See generally Maselli v. State, *595 446 So.2d 1079 (Fla.1984)(eiting Russ v. State, 313 So.2d 758 (Fla.), cert. denied, 423 U.S. 924, 96 S.Ct. 267, 46 L.Ed.2d 250 (1975)); State v. Green, 667 So.2d 959 (Fla. 2d DCA 1996)(citing Russ, supra). In light of our holding, we find it unnecessary to address the other issue raised, downward departure based upon a plea agreement between the trial court and Appellee, to which the State was not a party.[2] Accordingly, we reverse and remand with directions to the trial court to give Appel-lee an opportunity to withdraw his admission to violation of probation and for further proceedings.[3]
REVERSED and REMANDED.
BOOTH and BENTON, JJ., and SHIVERS, DOUGLASS B„ Senior Judge, CONCUR.

. The trial court departed from the sentencing guidelines because Appellee agreed to waive his appeal of a misdemeanor conviction for disorderly conduct, his arrest for which was a *595 basis for the affidavit of violation of probation filed against him in the instant case.

. See State v. Kennedy, 698 So.2d 349, 351 (Fla. 4 th DCA 1997)(citing State v. Herrick, 691 So.2d 540 (Fla. 5 th DCA 1997); State v. Honiker, 675 So.2d 681, 682 n. 1 (Fla. 2d DCA 1996); and State v. Williams, 616 So.2d 187 (Fla. 4 th DCA 1993)), receded from on other grounds by Welling v. State, 748 So.2d 314 (Fla. 4 th dca 1999), rev. denied, 770 So.2d 163 (Fla.2000); see also State v. Warner, 721 So.2d 767, 769 n. 2 (Fla. 4th DCA 1998) (dicta) (citing Kennedy, supra), approved, 762 So.2d 507 (Fla.2000).

. Appellee will be permitted to appeal his conviction in the related misdemeanor case.