795 So.2d 1020 (2001)
Jimmy CROTTS, Appellant,
v.
STATE of Florida, Appellee.
No. 2D01-519.
District Court of Appeal of Florida, Second District.
September 5, 2001.
THREADGILL, Acting Chief Judge.
Jimmy Crotts appeals the summary denial of his motion to correct illegal sentence filed pursuant to Florida Rule of Criminal Procedure 3.800(a). Crotts alleges that his current habitual offender sentence is illegal under King v. State, 681 So.2d 1136 (Fla.1996), receded from on other grounds by Carter v. State, 786 So.2d 1173 (Fla.2001). We conclude that Crotts has made a facially sufficient claim for relief which must be considered on its merits and reverse for further proceedings.
The trial court summarily denied Crotts's motion, finding that it was successive because Crotts had previously raised the same issue and had it decided against him. While the trial court is correct that a defendant is generally not entitled to successive review of a specific issue that has been decided against him or her, see Price v. State, 692 So.2d 971 (Fla. 2d DCA 1997), there are two problems with applying this principle to the instant case.
*1021 First, because Crotts seeks retroactive application of King, a case decided after the adverse decisions on his prior challenges to his habitual sentence, the successiveness doctrine is inapplicable. See, e.g., Witt v. State, 465 So.2d 510 (Fla. 1985) (noting that a change in the law would justify reconsideration of an issue previously raised).
Secondly, substantive due process requires that a patently illegal sentence be corrected despite the law-of-the-case doctrine. Lawton v. State, 731 So.2d 60 (Fla. 2d DCA 1999). In the instant case, if Crotts's allegations are correct, then it can be determined from the face of the record that his sentence exceeds the statutory maximum for the offense and is patently illegal. Crotts is therefore entitled to have his motion decided on its merits.
Crotts alleges that, in 1989, he was convicted of burglary of a dwelling, a second-degree felony, and given a guidelines sentence of sixty-six months' prison followed by eighteen months' probation. According to Crotts's motion, his original sentence was not a habitual offender sentence. After being released from prison, Crotts violated his probation and, in 1991, he was sentenced to twenty years' prison as a habitual felony offender for that violation.
If these facts are true, Crotts's habitual offender sentence is illegal. See King, 681 So.2d at 1140 (holding that where original sentencing judge imposed a guidelines sentence, defendant could not be sentenced as a habitual offender upon violation of probation). Although Crotts was sentenced before the supreme court decided King, that decision has been applied retroactively in postconviction proceedings. See House v. State, 696 So.2d 515 (Fla. 4th DCA 1997). Such a sentencing error is also cognizable in a rule 3.800(a) proceeding. Samuels v. State, 757 So.2d 1273 (Fla. 4th DCA 2000).
If Crotts's allegations prove true, he will be entitled to be resentenced in conformity with the sentencing guidelines in effect at the time of his offense and within the statutory maximum. If the trial court again denies Crotts's motion, it shall attach record documents that conclusively demonstrate that his current sentence is legal under King.
Reversed and remanded for further proceedings consistent with this opinion.
GREEN and STRINGER, JJ., concur.