SAWAYA, J.
Tony Nix, pro se, appeals the denial of his 3.850 motion after an evidentiary hearing was held addressing only some of his claims. Our thorough review of the record shows that of the nine issues advanced on appeal, only grounds eight and nine which raise possible sentencing errors have merit and require an evidentiary hearing. We remand for a hearing thereon as explained seriatim.
Nix was convicted of burglary and grand theft after a jury trial in September 1997 and was sentenced to 176.9 months of incarceration. The appeal of this judgment and sentence was per curiam affirmed by this court. Nix v. State, 727 So.2d 948 (Fla. 5th DCA 1998). Nix then filed the instant 3.850 motion for post conviction relief, an amendment and then an addendum thereto. In his motions, Nix asserted, inter alia, that he was entitled to relief under Heggs v. State, 759 So.2d 620 (Fla.2000), because an unconstitutional 1995 guidelines score sheet had been used to calculate his sentence and that his sentence was illegal because he had been sentenced both as a habitual offender and under the guidelines, contrary to King v. State, 681 So.2d 1136 (Fla.1996), receded from, on other grounds, Carter v. State, 786 So.2d 1173 (Fla.2001).
As to his Heggs claim, Nix argued below that the sentence imposed under the 1995 guidelines would have been a departure sentence under the 1994 guidelines. He alleged that the score sheet total under the 1994 guidelines would have been 91.4 months as opposed to the 176.9 month total under the 1995 guidelines. He pointed out that he had committed the offenses on July 29, 1996, which was within the window period of Heggs. See Trapp v. State, 760 So.2d 924, 928 (Fla.2000) (holding that the window period opened on October 1, 1995, and closed on May 24, 1997). Thus, Nix concluded, he is entitled to re-sentencing.
The trial court summarily denied this claim on the basis that Nix was sentenced as a habitual offender and, therefore, his sentence was not subject to the sentencing guidelines, citing Arce v. State, 762 So.2d 1003 (Fla. 4th DCA 2000) (affirming denial of motion to correct sentence where the defendant was sentenced as a habitual offender to a twenty-year prison term; noting that under section 775.084(4)(e), a habitual offender sentence is not subject to the guidelines provisions of section 921.001). The trial court did not attach any documents to support its conclusion *245 that Nix was sentenced as a habitual offender.
On appeal, Nix argues that although he was found to be a habitual offender, he was in fact sentenced pursuant to the 1995 guidelines. He attached a portion of the sentencing transcript which shows:
THE COURT: Well, no, I wouldn’t do it that way. I would do it the way — I would declare him — as the record stands now — under this order, he’s a habitual felony offender, non-violent, coming into the possibility of higher sentence, but he’ll be sentenced to the Guidelines, so if there is an appeal and the sentence is upheld, then the only possibility is the deletion of habitual offender status.
He’s being sentenced within the Guidelines to this amount because he scores up that much. So, that’s the answer to that question. I just sent the Score sheet back, but I think that is — let me take a look and make sure that’s the maximum allowed.
There was a great deal of confusion at the 3.850 hearing regarding Nix’s sentence. Although the trial court summarily denied the Heggs claim on the basis that Nix was sentenced as a habitual offender, the trial court made the opposite statement at the 3.850 hearing when the Heggs issue was broached:
THE COURT: He wasn’t habitualized.
* * *
Judge Weinberg did not habitualize Mr. Nix. I don’t know why he didn’t habitu-alize. Had I been the trial judge, I would have habitualized and given him 60 years.
THE DEFENDANT: All of my commitment papers with DOC says H.O., habitual offender.
THE COURT: He didn’t declare you to be a habitual offender.
THE DEFENDANT: And in that case — can I speak with Mr. Woolbright? MR. WOOLBRIGHT: Well then if he wasn’t, he wasn’t found to be a habitual offender, would he fall under the Heggs decision?
THE COURT: If he wasn’t habitual-ized, he would fall under the Heggs decision. It’s my understanding he was not habitualized. He was sentenced under the guidelines.
I guess he did, he did declare him to be a habitual felony offender, but he still sentenced him within the guidelines range.
[[Image here]]
He declared him to be a habitual felony offender, but he did not sentence him to an enhanced sentence. He just sentenced him within the range.
The trial court later reiterated that “because he was sentenced as a habitual offender, the Heggs decision does not apply to it.” Nix then protested that under King a person could not be sentenced as a habitual offender and pursuant to the guidelines. The trial court rejected that argument:
THE COURT: No, sir. He sentenced you as a habitual offender. He just did not add the extra 15 years that he could have added had he wanted to on each count.
With that, the 3.850 hearing ended.
The State argues that because Nix was found to be a habitual offender, Nix is not entitled to resentencing, citing Mitchell v. State, 775 So.2d 428, 428 (Fla. 5th DCA 2001) (affirming the habitual offender sentence because habitual offender sentences are not affected by Heggs and noting, “An habitual offender sentence is not a guidelines sentence.”). Mitchell cited Ford v. State, 763 So.2d 1273 (Fla. 4th DCA 2000) *246 (holding that a habitual offender sentence is not a guidelines sentence even if the actual sentence imposed coincides with the bottom of the guidelines). The State also contends that Nix has no right to relief under Heggs because Nix was sentenced as a habitual offender and thus he could have been sentenced to the same amount of time under the 1994 guidelines without a departure. See Abaunza v. State, 781 So.2d 486 (Fla. 4th DCA 2001) (holding that because the habitualized defendant could have received the same sentence under the 1994 guidelines without a departure as was actually imposed pursuant to the habitual offender statute, defendant was not entitled to relief under Heggs).
The problem with addressing the technical aspects of Nix’s argument is that the record does not contain the actual sentencing documents or the complete sentencing transcript. From the record that was provided, it seems that the sentencing judge found, as a ministerial act, that Nix was a habitual offender, but decided not to impose a habitual offender sentence. This was perfectly permissible by statute. See § 775.084(4)(d), Fla. Stat. (1995) (stating that if the sentencing court finds that a habitual offender sentence is not necessary for the protection of the public, sentence “shall be imposed without regard to this section.”); see also Geohagen v. State, 639 So.2d 611, 612 (Fla.1994) (“[I]f the judge chooses not to impose a habitual offender sentence, the judge must still adhere to the sentencing guidelines.”). What cannot be discerned is whether the trial court actually adjudicated Nix as a habitual offender. If he was adjudicated as a habitual offender, Nix would not be entitled to Heggs relief. On the other hand, if he was sentenced under the unconstitutional 1995 guidelines, Nix would have a valid claim for resentencing as he made the appropriate assertions to come within Heggs. Nix’s allegations sufficiently demonstrate the need for further review. See Begley v. State, 769 So.2d 1090 (Fla. 2d DCA 2000) (remanding for a determination whether defendant was sentenced as a habitual offender or under the 1995 guidelines; advising that if the 1995 guidelines were used and if defendant’s sentence would have constituted a departure under the 1994 guidelines, the defendant would be entitled to resentencing).
In an addendum to his 3.850 motion, Nix alleged that the sentencing court designated him as a habitual offender and then imposed a guideline sentence, thus improperly imposing a “mixed” sentence. He cites King for the supreme court’s statement that a “sentencing judge may elect to impose an habitual offender sentence or a guidelines sentence, but not both.” Id. at 1140. The trial court denied relief based on its finding that the sentencing court had sentenced Nix as a habitual offender.
Again, without the actual sentencing documents, it is impossible to determine exactly how Nix was sentenced. From the information provided, it appears that the sentencing court found that Nix qualified as a habitual offender but did not impose a habitual offender sentence. This option was specifically approved in King. Id. at 1139. Accordingly, we remand for the trial court to determine whether Nix was sentenced as a habitual offender or under the sentencing guidelines. He could not have properly been sentenced as both and, if it is determined that the sentencing court attempted to impose a hybrid sentence consisting of both habitual offender adjudication and a guidelines sentence, Nix will be entitled to resentencing.
In sum, we affirm the orders on Nix’s rule 3.850 motion with the exception of the trial court’s ruling on Nix’s Heggs and King claims (grounds eight and nine). On remand, the trial court must review *247 the sentencing documents to determine what type of sentence was actually imposed. If the documents show that Nix received a habitual offender sentence, he is not entitled to Heggs relief. However, if the sentencing documents reflect that an improper hybrid sentence was imposed, resentencing will be required.
AFFIRMED in part; REVERSED in part; REMANDED for further proceedings.
THOMPSON, C.J., and PETERSON, J., concur.