975 So.2d 1254 (2008)
David J. WELLING, Appellant,
v.
STATE of Florida, Appellee.
No. 4D08-75.
District Court of Appeal of Florida, Fourth District.
March 12, 2008.
David J. Welling, Clermont, pro se.
No response required for respondent.
WARNER, J.
David Welling brings this petition for writ of habeas corpus claiming that he is entitled to immediate release from prison, because his thirty year sentence as a habitual offender is illegal. We originally approved his sentence in Welling v. State, 748 So.2d 314 (Fla. 4th DCA 1999) (en banc). He claims that Mack v. State, 823 So.2d 746 (Fla.2002), requires us to revisit our opinion and declare his sentence illegal. We disagree and deny the writ.
The basic facts are contained in our first opinion:
In 1993, appellant was convicted of burglary of a dwelling and pronounced a habitual felony offender by the trial court. He was then given a sentence of thirty years, a period authorized only by the habitual offender statute, but the court suspended the sentence with a condition of twelve to fourteen months in a drug farm. In 1994, the trial court revoked appellant's probation and sentenced him, as a habitual offender, to thirty years.
*1255 748 So.2d at 314. (Our first opinion omitted the fact that he was also given probation as part of his sentence.) He claimed that his sentence was illegal under King v. State, 681 So.2d 1136 (Fla.1996), in which the supreme court held that where a trial judge declares a defendant a habitual offender but sentences him to a sentence more lenient than that required by the habitual offender statute, upon violation and revocation of probation the defendant may not be sentenced to a habitual offender sentence.
We discussed King and other cases in our opinion and concluded:
The common thread running through King, Geohagen [v. State, 639 So.2d 611 (Fla.1994)], and Simon [v. State, 684 So.2d 263 (Fla. 4th DCA 1996)] is that the trial courts found the defendants in those cases qualified to be habitual offenders, but the courts never imposed habitual offender sentences. Instead, the courts sentenced the defendants for a number of years which were within the guidelines permitted range. According to King, when the trial court declares the defendant to be a habitual offender, but imposes a sentence for a period of years which is within the guidelines, only a guideline sentence can be imposed if the defendant violates probation. In [State v.] Kennedy[, 698 So.2d 349 (Fla. 4th DCA 1997)] and the present case, the trial courts declared the defendants to be habitual offenders and imposed longer than guidelines sentences authorized only by the habitual offender statute. Although there was at one time confusion as to whether trial courts could suspend habitual offender sentences, that was resolved in McKnight v. State, 616 So.2d 31 (Fla. 1993), in which the court held that a "trial judge has the discretion to place a habitual felony offender on probation."
Welling, 748 So.2d at 316.
We distinguished Welling's sentence, because the trial court sentenced him as a habitual offender to thirty years in prison, then suspended the sentence with a drug farm condition and probation. Thus, when Welling violated his probation, the trial court imposed the original thirty-year sentence.
Mack does not change this result and merely applies King. Mack was originally sentenced to a guidelines split sentence and then sentenced to ten years as a habitual offender upon violation of his probation. Agreeing that his sentence was illegal under King, the supreme court noted that nothing in the record indicated that Mack was to serve his probation as a habitual offender or that he was on notice that he would be treated as a habitual offender if his probation was revoked.
In contrast, Welling was originally given a thirty-year sentence. That is a habitual offender sentence. It was suspended with a term in the drug farm and probation, but the sentence was still thirty years. Clearly, this record shows that he was being treated as a habitual offender and would be so treated should he violate his probation. We conclude that Mack does not require us to recede from our original opinion.
We distinguish Pankhurst v. State, 796 So.2d 618 (Fla. 2d DCA 2001), in which the court held that a defendant's initial two-year probationary term as a habitual offender could not support a subsequent habitual offender sentence upon violation of probation. There the trial court had sentenced the defendant to only the two-year probationary sentence. Here, the trial court sentenced the defendant to thirty years and suspended it upon conditions.
*1256 Based upon the foregoing analysis, we deny the petition.
STEVENSON and MAY, JJ., concur.