682 So.2d 555 (1996)
Ronald WALKER, Petitioner,
v.
STATE of Florida, Respondent.
No. 86962.
Supreme Court of Florida.
November 7, 1996.
Richard L. Jorandby, Public Defender and Tatjana Ostapoff, Assistant Public Defender, Fifteenth Judicial Circuit, West Palm Beach, for Petitioner.
Robert A. Butterworth, Attorney General; Georgina Jimenez-Orosa, Senior Assistant Attorney General, Bureau Chief, and Joseph A. Tringali, Assistant Attorney General, West Palm Beach, for Respondent.
HARDING, Justice.
We review Walker v. State, 661 So.2d 954 (Fla. 4th DCA 1995). The basis for our jurisdiction lies in the fact that the Fourth District Court of Appeal rendered a per curiam decision in reliance upon King v. State, 648 So.2d 183 (Fla. 1st DCA 1994), of which this Court granted review. 659 So.2d 1087 (Fla.1995). Thus, we have jurisdiction in the instant case based upon article V, section 3(b)(3) of the Florida Constitution. See also Jollie v. State, 405 So.2d 418 (Fla.1981).
The record in the instant case reveals that Ronald Walker was informed against for delivery of cocaine and the State filed notice of its intent to declare Walker an habitual felony offender. Walker subsequently pled guilty to the crime charged, with the understanding that he would be sentenced to five and one-half years' incarceration to be followed by nine and one-half years' probation and that he would be treated as an habitual offender if he violated probation. Prior to sentencing, Walker moved to withdraw his plea on the basis that he had maintained his innocence and only agreed to take the plea under duress. After the court conducted a hearing on the motion and heard testimony from Walker's original trial counsel, the court denied the motion and sentenced Walker according to the plea agreement. On appeal, the district court affirmed Walker's conviction and sentence in a per curiam opinion with citation to King. 661 So.2d at 954.
We quashed the district court's decision in King because we determined that an habitual *556 offender sentence may not be imposed upon revocation of probation where the trial judge, in imposing the original sentence, made a finding that the defendant was an habitual felony offender but imposed sentence under the guidelines. King v. State, 681 So.2d 1136 (Fla.1996). In reaching that decision, we also noted that while such a hybrid split sentence is not authorized by statute or rule it is not an "illegal" sentence. King, at 1140. Thus, where a defendant agrees to such a sentence as part of an otherwise valid plea agreement and the negotiated sentence does not exceed the statutory maximum for the particular offense involved, the court may impose incarceration under the guidelines followed by probation as an habitual offender. Id. at 1140-41.
In the instant case, the record reveals that Walker's sentence was part of a plea bargain, that he understood the consequences of the sentence, and that the negotiated sentence did not exceed the maximum allowed by law for the offense of delivery of cocaine. Thus, while we do not approve the district court's reasoning, we agree with the court's conclusion that Walker's sentence was proper.
Accordingly, we approve the result reached below.
It is so ordered.
KOGAN, C.J., and OVERTON, SHAW, GRIMES, WELLS and ANSTEAD, JJ., concur.