686 So.2d 1356 (1997)
Robert DUNHAM, Petitioner,
v.
STATE of Florida, Respondent.
No. 87269.
Supreme Court of Florida.
January 23, 1997.
Richard L. Jorandby, Public Defender and Tatjana Ostapoff, Assistant Public Defender, Fifteenth Judicial Circuit, West Palm Beach, for Petitioner.
Robert A. Butterworth, Attorney General and Georgina Jimenez-Orosa, Senior Assistant Attorney General, Chief, West Palm Beach Bureau, West Palm Beach, for Respondent.
PER CURIAM.
We review Dunham v. State, 683 So.2d 507 (Fla. 4th DCA 1996), which conflicts with Burrell v. State, 610 So.2d 594 (Fla. 2d DCA 1992). We have jurisdiction pursuant to article V, section 3(b)(3) of the Florida Constitution.
The conflict in this case has now been resolved by this Court's recent decision in Walker v. State, 682 So.2d 555 (Fla.1996). In Walker, as in the instant case, the defendant was determined to be a habitual offender but as part of a plea bargain was not sentenced as such. Instead, he was sentenced to five years in prison followed by five years' probation, a sentence well below the sentencing guidelines, with the understanding that in the event of a subsequent probation violation he could be sentenced as a habitual offender. Thereafter, when he violated his probation, he was sentenced as a habitual offender.
In Walker, we relied upon our prior decision in King v. State, 681 So.2d 1136 (Fla. 1996), in which we approved such a hybrid sentencing arrangement if the defendant had agreed to it at the time of his original sentencing. Therefore, we approve the decision of the court below, and disapprove Burrell to the extent that it conflicts with this opinion.
It is so ordered.
OVERTON, SHAW, GRIMES, HARDING, WELLS and ANSTEAD, JJ., concur.