796 So.2d 540 (1999)
Kevin D. YASHUS, Appellant,
v.
STATE of Florida, Appellee.
No. 98-02194.
District Court of Appeal of Florida, Fifth District.[*]
November 24, 1999.
James B. Gibson, Public Defender and Brynn Newton, Assistant Public Defender, Daytona Beach, for Appellant.
Robert A. Butterworth, Attorney General, Tallahassee and Patrick W. Krechowski, Assistant Attorney General, Daytona Beach, for Appellee.
CAMPBELL, MONTEREY, Associate Judge.
Appellant, Kevin Yashus, challenges the habitual offender sentence imposed following his violation of probation. We reverse and remand for resentencing. See Daiuto v. State, 734 So.2d 602 (Fla. 5th DCA 1999); Norton v. State, 719 So.2d 985 (Fla. 5th DCA 1998).
Appellant, convicted of three counts of burglary and three counts of grand theft in four separate cases, challenges the habitual offender sentences imposed on a subsequent violation of probation. At issue is whether the trial court, at Appellant's second sentencing on his initial violation of probation, imposed habitual offender sentences, which is a prerequisite to imposition of a habitual offender sentence on a subsequent violation of probation. Our review of the facts and the law leads us to conclude that although the court may have intended to sentence Appellant as a habitual offender, it did not do so under King v. State, 681 So.2d 1136 (Fla.1996).
Specifically, the court in 1992 orally pronounced that it was sentencing Appellant as a habitual offender, but then sentenced him to terms of incarceration and probation that were within the guidelines or the statutory maximum for each offense. When Appellant first violated his probation *541 after serving the incarcerative portion of his sentence, the court again stated that it was sentencing him as a habitual offender, but sentenced him only to probation and community control. This clearly appears to us not to have been a habitual offender sentence. When Appellant violated his probation the second time, and was being sentenced on that violation in 1998 (the sentencing at issue here), the court sentenced Appellant, based on what it believed to be the initial habitualization, to a habitual sentence of ten years' incarceration on each of the six counts. A handwritten note on the scoresheet states that Appellant was being sentenced to ten years' imprisonment as a "Habitual Offender."
Although the State argues that Appellant was sentenced as a habitual offender because the court pronounced that intent, the supreme court rejected that argument in King v. State, 681 So.2d at 1139:
Moreover, the judge need not make a specific finding that an enhanced sentence is not necessary for the protection of the public; the judge necessarily makes such a decision by virtue of sentencing an habitual offender to a more lenient sentence than that required by the habitual felon statute. State v. Rinkins, 646 So.2d 727, 729 (Fla.1994); Geohagen, 639 So.2d at 612. [Emphasis added].
Here, although it appears that the court intended to sentence Appellant as a habitual offender, by imposing incarcerative sentences or probationary terms that fell within the guidelines or the statutory maximums, it simply failed to accomplish what it set out to achieve. The fact that Appellant appears to have agreed to habitual offender treatment at the initial sentencing does not change this result. The court in King, addressing this circumstance, stated that even where a defendant agrees to habitual offender treatment, but the negotiated plea is for a sentence that does not exceed the statutory maximum for the offense, the court cannot, on a subsequent violation of probation, rely on the earlier agreement to be treated as a habitual offender to then sentence the defendant to a habitual offender sentence on the violation of probation.
Accordingly, we must conclude that the court erred in imposing habitual offender sentences when Appellant violated his probation. We vacate those sentences and remand for resentencing within the guidelines.
Reversed and remanded.
GREEN, OLIVER L., Associate Judge, Concurs.
FULMER, CAROLYN K., Associate Judge, Dissents with opinion.
FULMER, CAROLYN K., Associate Judge, Dissenting.
I respectfully dissent. It is my view that the trial court originally sentenced Yashus to a valid habitual offender sentence in June 1992, and therefore, upon finding Yashus in violation of probation in 1998, the trial court was authorized to impose the habitual offender sentence that is the subject of this appeal.
Yashus signed a written plea agreement in May 1992 that provided for habitual offender treatment and a sentence of four years' imprisonment followed by twenty years' probation. There is no dispute that Yashus met the criteria required for habitualization. At the original sentencing hearing in June 1992, the trial court stated:
[I]t is my intent to sentence you as a habitual offender. The state agrees to such, you agree to such, and the plea *542 agreement, the court agrees with, and I think we can all abide by our promises.
. . .
I find that all the criteria required to sentence you as a habitual offender exists, and you will be sentenced as a habitual offender.
The trial court proceeded to impose the negotiated aggregate sentence of four years' imprisonment followed twenty years' probation. On the sentencing document, an "x" is typed in the box designating "Habitual Offender." The trial court also filed a separate order making specific written findings on the habitual felon designation. The original sentencing guidelines scoresheet indicates a recommended sentence of 3½ to 4½ years.
After serving his prison term as a habitual offender, Yashus appeared before the trial court for a violation of probation hearing in February 1997. Yashus admitted the violation in exchange for the State's recommendation of two years' community control followed by five years' probation and in-house treatment at Serenity House on all cases.[1] Before imposing the sentence recommended by the State, the trial court advised Yashus of the maximum penalties he was facing as a habitual offender, and the court stated, "I take it since actually Mr. Yashus has been declared a habitual offender, we don't even need a scoresheet."
In June 1998, Yashus admitted violating his community control. At the July 1998 sentencing hearing, the trial court observed that Yashus was found to be a habitual offender on all cases, and the court imposed the habitual offender sentences which are the subject of this appeal.
I believe the majority first errs in framing the issue in this case as whether the trial court imposed a habitual offender sentence in 1997 when Yashus first violated his probation, which, the majority states, "is a prerequisite to imposition of a habitual offender sentence on a subsequent violation of probation." Section 948.06(1), Florida Statutes (1997), provides that if probation or community control is revoked, the trial court is authorized to impose any sentence which it might have originally imposed. Therefore, the issue is whether Yashus was properly sentenced as a habitual offender at his original sentencing hearing in June 1992. I believe that he was, and therefore, when Yashus violated his community control in 1998, the trial court was authorized to impose the ten-year habitual offender sentences which could have been imposed at the original sentencing proceeding in 1992. See § 948.06(1), Fla. Stat. (1997).
As set out above, the original sentence imposed was an aggregate prison term of four years followed by a probationary term of twenty years. The majority concludes that, notwithstanding the trial court's expressed intent to impose a habitual offender sentence, by imposing a sentence that falls within the guidelines, a habitual offender sentence has not been achieved. The majority cites to language in King v. State, 681 So.2d 1136 (Fla.1996), as mandating this conclusion. I disagree with the majority's conclusion and the majority's interpretation of King.
*543 In King, the trial court determined that King qualified as a habitual felony offender but imposed a non-habitual offender sentence after making an express determination that a habitual offender sentence was not necessary for the protection of the public. The issue presented in King was "whether a trial judge, upon revocation of probation, can lawfully impose an habitual felony offender sentence, despite having declined to impose such a sentence at the original sentencing." The language in King that is cited by the majority appears within the context of a discussion of the two-step determination required by the habitual felon statute. First, the judge must determine whether a defendant qualifies as a habitual felony offender. Second, the judge must decide whether the defendant will be sentenced as a habitual felony offender. King explains that:
Even where a judge determines that a defendant is an habitual felony offender, the judge can still determine that sentencing under the habitual offender statute is not necessary for the protection of the public. Geohagen v. State, 639 So.2d 611 (Fla.1994). Moreover, the judge need not make a specific finding that an enhanced sentence is not necessary for the protection of the public; the judge necessarily makes such a decision by virtue of sentencing an habitual offender to a more lenient sentence than that required by the habitual felon statute.

681 So.2d at 1139 (emphasis added).
The emphasized language, relied upon by the majority, is followed by citations to State v. Rinkins, 646 So.2d 727 (Fla.1994), and Geohagen v. State, 639 So.2d 611 (Fla. 1994). In both Rinkins and Geohagen, the trial courts used the habitual offender designation to justify imposition of guidelines downward departure sentences, reasoning that the sentences were legal because the sentencing guidelines were inapplicable to sentences imposed under the habitual offender statute. In both cases, the Florida Supreme Court concluded that written reasons for downward departure were required despite the habitual offender designation because by virtue of imposing a more lenient sentence than that recommended by the sentencing guidelines, the trial courts had determined that habitual offender sentencing was not necessary.
Unlike the defendant in King, Yashus was originally given a habitual offender prison sentence and unlike the defendants in Rinkins and Geohagen, Yashus was not given a sentence below the guidelines. Therefore, I find King inapposite, and I do not read the cited language in King to require a trial court to impose a sentence beyond the sentencing guidelines maximum in order to achieve a habitual offender sentence, as the majority apparently does.
I also disagree with the following language in the majority opinion that interprets King as stating that "even where a defendant agrees to habitual offender treatment, but the negotiated plea is for a sentence that does not exceed the statutory maximum for the offense, the court cannot, on a subsequent violation of probation, rely on the earlier agreement to be treated as a habitual offender to then sentence the defendant to a habitual offender sentence on the violation of probation." In fact, I believe the discussion in King regarding negotiated pleas requires the opposite interpretation. In other words, if a defendant agrees to a habitual offender sentence that may not otherwise be authorized by statute, and the negotiated sentence does not exceed the statutory maximum, so that it remains a legal sentence, the trial court may impose incarceration under the guidelines followed by probation as a habitual offender.
*544 King repeats the established rule that a trial court cannot impose an illegal sentence pursuant to a plea bargain, but it can impose a negotiated sentence that is not specifically authorized by statute. Less than one month after King was decided, the supreme court, in Walker v. State, 682 So.2d 555 (Fla.1996), addressed the propriety of a sentence imposed pursuant to a negotiated plea in which the defendant agreed to be "sentenced to five and one-half years' incarceration to be followed by nine and one-half years' probation and that he would be treated as an habitual offender if he violated probation." Referring to King, the Walker court stated:
[W]e also noted that while such a hybrid split sentence is not authorized by statute or rule it is not an "illegal" sentence. King, at 1140. Thus, where a defendant agrees to such a sentence as part of an otherwise valid plea agreement and the negotiated sentence does not exceed the statutory maximum for the particular offense involved, the court may impose incarceration under the guidelines followed by probation as an habitual offender. Id. at 1140-41.
682 So.2d at 556. After observing that Walker entered into a plea bargain, that he understood the consequences of the plea and that the negotiated sentence did not exceed the maximum allowed by law for the offense, the court concluded that Walker's sentence was proper. Id.
The terms of the negotiated plea to which Yashus agreed are very similar to those in the Walker plea agreement, with the exception that the trial court actually imposed a habitual offender sentence upon Yashus initially instead of postponing such treatment in the event of a probation violation. Thus, I believe that the negotiated plea agreement that Yashus originally entered into is expressly approved by King and Walker, and I believe his agreement to be sentenced as a habitual offender and his initial treatment as such authorize the habitual offender sentence imposed when he violated his community control in 1998.
I would affirm.
NOTES
[*] Editor's Note: Appearing at 745 So.2d 504, this opinion is identified as a product of the Second District Court of Appeal. The panel members on this decision were regular, active judges of the Second District Court of Appeal who had been appointed to sit as associate judges of the Fifth District Court of Appeal. As such, this is an opinion of the Fifth District, and the case should be cited as originating from the Fifth District Court of Appeal.
[1] No appeal was taken from this sentence at the time it was imposed, and it is not an illegal sentence. However, I recognize that the supreme court has held that a sentence which is a downward departure from the guidelines may not be imposed as a habitual offender sentence. See State v. Rinkins, 646 So.2d 727 (Fla.1994). In any event, I think the sentence imposed on the first violation is irrelevant because this is not the sentence that dictates the sentencing options available on a subsequent violation.