ON MOTION FOR REHEARING

PER CURIAM.
We grant in part and deny in part the motion for rehearing, withdrawing our pri- or opinion and substituting the following in its place.
Appellant challenges his sentence, claiming that the trial court erred in imposing a habitual offender sentence as a result of a violation of probation. We disagree and affirm.
Appellant was charged with two offenses in two separate informations. The state filed a notice to sentence him as a habitual offender in one of the cases. Upon entering a plea of guilty as to both charges, appellant was sentenced to probation for thirty years as a habitual offender on each charge, the sentences to run concurrently.
During the period of probation appellant robbed several stores, resulting in his probation being revoked. At the subsequent sentencing hearing, appellant was sentenced to twenty-five years for one of the underlying cases and ten years for the *83 other case to run concurrently, based on the fact that appellant had been habitual-ized by the original judge.
In Welling v. State, 748 So.2d 314, 315-16 (Fla. 4th DCA 1999), this court held that upon revocation of probation a trial court can sentence a defendant to prison as a habitual offender where the original court habitualized the defendant, but suspended the sentence and imposed a period of probation consistent with a habitual offender sentence. Thus, appellant’s sentence pursuant to the habitual offender statute was proper.
Appellant also points out that although he was given a habitual offender sentence in both case no. 90-16281 and 91-320, the state only filed a notice to seek an enhanced sentence under the habitual offender statute in case no. 90-16281. According to appellant, this is contrary to the ruling announced in Ashley v. State, 614 So.2d 486, 490 (Fla.1993). We agree and reverse.
In Ashley, the supreme court held that the defendant must be given written notice of the state’s intent to habitualize prior to the court accepting a plea. See id. The purpose of requiring written notice is to enable the defendant to prepare for the hearing. This allows a defendant to enter into a plea in a knowing and intelligent manner. See Massey v. State, 609 So.2d 598, 600 (Fla.1992).
In the present case, the state failed to provide appellant notice that it was also seeking to habitualize him in case no. 91-320. Therefore, the trial court was required to impose a guideline sentence as to that case.
Affirmed in part, reversed in part and remanded for further proceedings as to the sentence entered in case no. 91-320.
WARNER, C.J., STONE and HAZOURI, JJ., concur.