768 So.2d 534 (2000)
Larry BOSTIC, Appellant,
v.
STATE of Florida, Appellee.
No. 4D00-2560.
District Court of Appeal of Florida, Fourth District.
September 27, 2000.
Larry Bostic, Punta Gorda, pro se.
No appearance required for appellee.
PER CURIAM.
Appellant Larry Bostic appeals from a trial court order summarily denying his motion to correct illegal sentence filed pursuant to rule 3.800(a), Fla. R.Crim. P. In his motion, he alleged that he entered a nolo contendere plea to felony charges of burglary and robbery in exchange for sentences constituting a downward departure. He alleges that his sentences totaling 9 years in prison constituted a downward departure from the 1995 sentencing guidelines, but that under Heggs v. State, 759 So.2d 620 (Fla.2000), he was entitled to resentencing and a downward departure from the 1994 guidelines. By his own calculations made in his rule 3.800(a) motion, appellant alleged that the range permitted under the 1994 guidelines was between 7.7 and 12.9 years in prison. No 1994 guidelines scoresheet was prepared or filed in the trial court.
The State has argued that appellant is not entitled to sentencing relief because the 9-year sentence he received falls within the 1994 guidelines, and cites Heggs for its statement that "if a person's sentence imposed under the 1995 guidelines could have been imposed under the 1994 guidelines (without a departure), then that person shall not be entitled to relief under our decision here." Id. at 627.
We agree with the State's position that appellant has failed to demonstrate in this motion that his sentence was illegal under Heggs. No 1994 guidelines scoresheet appears of record, and appellant has not refuted the State's claim that appellant's 9-year sentences fall within the 1994 guidelines. Therefore, we affirm.
AFFIRMED.
GUNTHER, STONE and POLEN, JJ., concur.