773 So.2d 1237 (2000)
James McFADDEN, Appellant,
v.
STATE of Florida, Appellee.
No. 4D99-4320.
District Court of Appeal of Florida, Fourth District.
December 13, 2000.
Rehearing Denied January 19, 2001.
Richard L. Jorandby, Public Defender, and Jennifer Brooks, Assistant Public Defender, West Palm Beach, for appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Steven R. Parrish, Assistant Attorney General, West Palm Beach, for appellee.
GROSS, J.
On November 12, 1996, James McFadden was sentenced to two years probation and designated as an habitual offender as part of a plea agreement in exchange for his guilty plea to the charge of robbery with a firearm. The sentence was well within the range permitted by the sentencing guidelines and did not constitute an habitual offender sentence. See King v. State, 681 So.2d 1136, 1138-39 (Fla.1996).
On April 11, 1997, McFadden was charged with violating his probation. This case is McFadden's second appeal of a trial court revoking his probation.
We earlier reversed a 1997 trial court order revoking McFadden's probation, because *1238 the trial court abandoned its role as a neutral trier of fact and assisted the prosecution in the presentation of its case. See McFadden v. State, 732 So.2d 1180 (Fla. 4th DCA 1999). On remand, another trial judge determined that McFadden violated his probation by failing to file reports and by committing petit theft. The trial court then sentenced McFadden to thirty years in prison, based on his original designation as an habitual offender.
McFadden contends that the trial court erred by revoking his probation, because double jeopardy barred retrial on the violation of probation charges. However, nothing in the first violation of probation hearing qualifies as a final determination of McFadden's innocence or guilt. See Francis v. State, 736 So.2d 97, 99 (Fla. 4th DCA 1999); Lyles v. State, 742 So.2d 842, 843 (Fla. 2nd DCA 1999). Therefore, we find no error in the second trial court's decision to revoke McFadden's probation.
McFadden's second point on appeal contends that the trial court erred in sentencing him as an habitual offender upon revocation of his probation, since he did not receive an habitual offender sentence at his original sentencing. In Welling v. State, 748 So.2d 314, 316 (Fla. 4th DCA 1999), rev. denied, 770 So.2d 163 (Fla. 2000), we clarified that in order to be sentenced as an habitual offender upon revocation of probation, a probationer must have received an habitual offender sentence at the original sentencing hearing. Accord McCray v. State, 765 So.2d 82, 83 (Fla. 4th DCA), rev. denied, No. SC00-1217, 776 So.2d 276 (Fla. Nov.3, 2000).
Because McFadden was initially sentenced to only two years probation, his original sentence fell short of an habitual offender term. Thus, McFadden cannot be sentenced as an habitual offender upon revocation of probation, notwithstanding his plea agreement to be treated as an habitual offender. Accordingly, we reverse the trial court's order and remand the case with instructions that McFadden be sentenced according to the sentencing guidelines.
DELL and KLEIN, JJ., concur.