777 So.2d 1132 (2001)
Bruce COLEMAN, Appellant,
v.
STATE of Florida, Appellee.
No. 4D00-1894.
District Court of Appeal of Florida, Fourth District.
January 31, 2001.
Bruce Coleman, Clermont, pro se.
Robert A. Butterworth, Attorney General, Tallahassee, and Melanie A. Dale, Assistant Attorney General, West Palm Beach, for appellee.

*1133 ON SUPPLEMENTAL MOTION FOR CLARIFICATION

PER CURIAM.
We grant the supplemental motion for clarification, withdraw our previous opinion, and substitute the following opinion.
We review the order of the trial court denying appellant's motion for post-conviction relief which alleged his right to be resentenced under the 1994 sentencing guidelines. Coleman was sentenced after revocation of probation to a 111 month sentence. Our review of the record reveals that while this is a bottom-of-the-guidelines sentence, it was imposed on Coleman as an habitual felony offender. At his original sentencing hearing in 1996, Coleman was designated as an habitual felony offender and placed on probation for two years.
Coleman's two-year probation sentence was not an habitual offender sentence. Therefore, he cannot be sentenced as an habitual offender upon revocation of probation. See McFadden v. State, 773 So.2d 1237 (Fla. 4th DCA 2000).
There is no dispute that Coleman committed his offenses within the operative window period in which to challenge the sentencing guideline provisions amended by Chapter 95-184, Laws of Florida. See Trapp v. State, 760 So.2d 924, 928 (Fla. 2000).
Consequently, Coleman must be sentenced according to the 1994 sentencing guidelines.
AFFIRMED.
GUNTHER, STONE and GROSS, JJ., concur.