778 So.2d 435 (2001)
James TERRY, Appellant,
v.
STATE of Florida, Appellee.
No. 5D00-794.
District Court of Appeal of Florida, Fifth District.
February 9, 2001.
*436 James B. Gibson, Public Defender, and Nancy Ryan, Assistant Public Defender, Daytona Beach, for Appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Bonnie Jean Parrish, Assistant Attorney General, Daytona Beach, for Appellee.
ORFINGER, R.B., J.
Appellant, James Terry, challenges the habitual offender sentence imposed on him following his violation of probation. We find no error and affirm.
Pursuant to a plea agreement with the State, Terry pled guilty to aggravated battery and was sentenced as an habitual offender to fifty-four (54) months in prison followed by a term of probation. Terry's plea agreement contemplated that the court could, at its discretion, sentence him as an habitual offender. Following his release from prison, Terry violated his probation and, after admitting his violation, was sentenced as an habitual offender to fifteen (15) years in prison followed by an additional term of probation. Terry argues that because his original sentence was within his sentencing guideline range, it was improper to sentence him as an habitual offender when he later violated his probation.
Terry contends that Yashus v. State, 745 So.2d 504 (Fla. 2d DCA 1999) supports his position. Relying on its interpretation of King v. State, 681 So.2d 1136 (Fla.1996), the Yashus court held that the trial court improperly imposed an habitual offender sentence on a violation of probation subsequent to a prison sentence and said:
[E]ven where a defendant agrees to habitual offender treatment, if the negotiated plea is for a sentence that does not exceed the statutory maximum for the offense, the court cannot, on a subsequent violation of probation, rely on the earlier agreement to be treated as an habitual offender to then sentence the defendant to an habitual offender sentence on the violation of probation.
Yashus, 745 So.2d at 505.
While we agree that Yashus supports Terry's position, we disagree with our sister court in its interpretation of King. In King, the defendant was convicted by a jury and subsequently sentenced as an habitual offender. There was no plea agreement that contemplated habitual offender treatment. Significantly, Terry's original plea did allow for habitual offender sentencing. In King, the defendant qualified as an habitual offender but at the time of his original sentencing, the judge elected not to treat him as such (unlike Terry, who was habitualized at his original sentencing). Later, after he violated probation, the judge sought to impose an habitual offender sentence for the first time. The supreme court held that to be improper and said:
[S]entences imposed after revocation of probation or community control must be in accordance with the guidelines if the defendant was not originally sentenced as an habitual offender.
King, 681 So.2d at 1141.
But the supreme court also recognized that a defendant could, by agreement, agree to the very type of sentence that Terry received when it said:
[W]e distinguish those instances where a defendant agrees to such a sentence as part of an otherwise valid plea agreement and the negotiated sentence does *437 not exceed the statutory maximum for the particular offense involved.
King, 681 So.2d at 1139.
King allows a trial judge the discretion to place an habitual offender on probation. See King, 681 So.2d at 1139 n. 8. If an habitual offender sentence of probation is permissible, then logically a sentence by agreement within the guidelines as an habitual offender would be permissible as well. This is, in our view, consistent with the supreme court's later holding in Walker v. State, 682 So.2d 555 (Fla.1996) wherein the court upheld the validity of Walker's plea agreement that he would be sentenced to prison as a non-habitual offender followed by probation with the condition that he would be treated as an habitual offender if he violated probation.[1]
We recognize that there is a split of authority on this issue. In McFadden v. State, 773 So.2d 1237 (Fla. 4th DCA 2000), the Fourth District aligned itself with Yashus. The Third District recently adopted the position that we enunciate today. See Rodriguez v. State, 766 So.2d 1147 (Fla. 3d DCA 2000). For that reason, we certify conflict with Yashus and McFadden.
AFFIRMED.
COBB and GRIFFIN, JJ., concur.
NOTES
[1] At the time of his original sentencing, the trial judge told Terry that because he had been sentenced as an habitual offender "it [gives] the defendant a special incentive not to violate his probation because if he violates his probation he knows that guidelines are not involved in this case, he could be looking at up to thirty (30) years in prison ... I think it's a fair resolution of this case and therefore I'm going to go along with the plea bargain. I will declare [that] Mr. Terry does qualify as an habitual felony offender as it relates to the aggravated battery count ... and will sentence him as such in this case." Terry did not appeal his original sentence and was on notice of the consequences of violating probation.