793 So.2d 48 (2001)
Gregory Byron ORR, Appellant,
v.
STATE of Florida, Appellee.
Nos. 4D99-4339 to 4D99-4341.
District Court of Appeal of Florida, Fourth District.
June 27, 2001.
Order Recalling and Staying Mandate August 29, 2001.
Specially Concurring Opinion on Order Recalling and Staying Mandate August 29, 2001.
*49 Carey Haughwout, Public Defender, and Ellen Griffin, Assistant Public Defender, West Palm Beach, for appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Donna L. Eng, Assistant Attorney General, West Palm Beach, for appellee.
PER CURIAM.
Gregory Orr appeals the sentences entered following a revocation of probation on case numbers 94-3961, 99-1763 and 99-3201. The appeals have been consolidated.
Gregory Orr (Appellant) was charged with one count of dealing in stolen property in case number 94-3961. On July 31, 1995, he pled guilty to the charge. He was sentenced on August 4, 1995. At sentencing he agreed that he qualified as a habitual offender. The trial court adjudicated him guilty, declared him a habitual offender and sentenced him to five years probation. The probation was to begin when he completed a guideline prison sentence on other charges.
On July 20, 1999, Appellant appeared before the court on charges of violation of probation on case number 94-3961, burglary of a structure in case number 99-1763, and dealing in stolen property in case number 99-3201. Appellant pled guilty to all charges. The trial court accepted a negotiated plea, whereby Appellant pled guilty and agreed to testify in two pending cases on behalf of the State and Appellant would receive a five year sentence of probation. On case number 94-3961, the trial court revoked his probation and sentenced him to five years probation as a habitual offender. On case number 99-1763 and case number 99-3201, the trial court sentenced him to five years probation as a habitual offender.
Appellant was then charged with violating probation on all three cases. Following a revocation hearing, on December 14, 1999, the trial court found Appellant had violated his probations. The trial court revoked his probations and sentenced him to thirty years in prison as a habitual felony offender in case number 94-3961, to ten years in prison as a habitual felony offender in case number 99-1763, and to 30 years in prison as a habitual felony offender in case number 99-320. The trial court denied Appellant's motion to correct illegal sentence.
Appellant argues that although he was initially declared a habitual offender on all three cases, he was not given a habitual offender sentence; therefore, the trial court erred when it imposed a habitual *50 offender sentence after revoking his probation. We agree.
This court addressed this issue in McFadden v. State, 773 So.2d 1237 (Fla. 4th DCA 2000), wherein this court applied the decision in King v. State, 681 So.2d 1136 (Fla.1996). In McFadden, appellant was sentenced to two years probation and designated a habitual offender in exchange for his guilty plea to the charge of robbery. The sentence was within the range permitted by the sentencing guidelines and did not constitute a habitual offender sentence. The trial court then sentenced appellant as a habitual offender to thirty years in prison, following a revocation of probation. Id. at 1237.
This court stated, "in order to be sentenced as an habitual offender upon revocation of probation, a probationer must have received an habitual offender sentence at the original sentencing hearing." Id. at 1238. This court reasoned that because appellant was initially sentenced to only two years probation, his original sentence fell short of a habitual offender term. Id. Thus, this court concluded that appellant could not be sentenced as a habitual offender upon revocation of probation, notwithstanding his plea agreement to be sentenced as a habitual offender. Id.Accord Coleman v. State, 777 So.2d 1132 (Fla. 4th DCA 2001); Yashus v. State, 745 So.2d 504 (Fla. 2d DCA 1999).
This case is on all fours with McFadden. Although the trial court initially designated Appellant a habitual offender in case numbers 94-3961, 99-1763 and 99-3201, the trial court sentenced him to five years probation in each case. The sentences are within the range permitted by the sentencing guidelines and do not constitute habitual offender sentences. Accordingly, pursuant to this court's decision in McFadden, the trial court erred when it sentenced Appellant to habitual offender sentences upon the revocation of his probation. We reverse and remand the cases with instructions that Appellant be sentenced according to the sentencing guidelines.
REVERSED.
GUNTHER, KLEIN and HAZOURI, JJ., concur.

ORDER RECALLING AND STAYING MANDATE PENDING REVIEW IN FLORIDA SUPREME COURT
PER CURIAM.
The state's motion to recall and stay mandate pending review in the Florida Supreme Court is granted.
GUNTHER and HAZOURI, JJ., concur.
KLEIN, J., concurs specially with opinion.
KLEIN, J. specially concurring.
We have granted the state's motion to recall and stay the mandate because the state has advised us that the Florida Supreme Court has granted review in Terry v. State, 778 So.2d 435 (Fla. 5th DCA 2001), a case in which the fifth district certified conflict with this court's decision in McFadden v. State, 773 So.2d 1237 (Fla. 4th DCA 2000). In the present case, this court followed McFadden . I am writing separately to explain that, as a member of the panel in McFadden and this case, Orr v. State, 793 So.2d at 50 (Fla. 4th DCA 2001), I now believe that the fifth district was correct in Terry and our opinions are incorrect.
The mistake I think we made in McFadden was in concluding that it was controlled by our opinion in Welling v. State, 748 So.2d 314 (Fla. 4th DCA 1999), rev. denied, 770 So.2d 163 (Fla.2000). There is *51 a distinction in that Welling involved a conviction and McFadden involved a plea.
Welling clarified that in order to be sentenced as an habitual offender, upon revocation of probation, the probationer must have received an habitual offender sentence at the original sentencing hearing. By that we meant that the total number of years (incarceration or probation) imposed on the original sentence had to exceed the guidelines. Id. at 316.
In Welling we were interpreting King v. State, 681 So.2d 1136 (Fla.1996). In Terry, Judge Orfinger, writing for the fifth district, pointed out that our supreme court in King distinguished the sentence in King, which was based on a conviction, and a sentence where the defendant enters a plea agreeing to habitualization. Terry, 778 So.2d at 436, 437. Prior to Terry, Judge Fulmer, in her dissenting opinion in Yashus v. State, 745 So.2d 504 (Fla. 2d DCA 1999), had pointed out that King made a distinction between negotiated pleas and sentences imposed following convictions. Yashus, 745 So.2d at 507 (Fulmer, J., dissenting). McFadden and this case, which involve pleas, are thus distinguishable from Welling, according to King.