PER CURIAM.
Ricky Anderson appeals the trial court’s order summarily denying his motion to correct illegal sentence, filed pursuant to rule 3.800, Florida Rules of Criminal Procedure.
Simply stated, appellant alleged in his rule 3.800(a) motion that he pled guilty to possession of a firearm by a convicted felon and was placed on three years of probation. He was found to be a habitual felony offender, but was not sentenced based on that designation. Later, when appellant’s probation was revoked, he received a habitual felony offender sentence of two years in prison. He alleged that his sentence for violation of probation was illegal because his original sentence was not a *680 habitual felony offender sentence. The trial court denied relief, but without prejudice to appellant’s right to challenge his original plea pursuant to Florida Rule of Criminal Procedure. 3.850.
We reverse and remand for resentencing consistent with this court’s recent pronouncement in McFadden v. State, 773 So.2d 1237 (Fla. 4th DCA 2000). See also Yashus v. State, 745 So.2d 504 (Fla. 2d DCA 1999). In doing so, however, we certify conflict with the third district in Rodriguez v. State, 766 So.2d 1147 (Fla. 3d DCA 2000), and the fifth district in Terry v. State, 778 So.2d 435 (Fla. 5th DCA 2001), rev. granted, No. SC01-383, 790 So.2d 1108 (Fla. Jun.11, 2001).
STONE, STEVENSON and TAYLOR, JJ., concur.