KLEIN, J.,
specially concurring.
Appellant moved to correct an illegal sentence under rule 3.800, arguing that the ten year sentence imposed on him as a habitual violent felony offender was illegal. He argues, citing King v. State, 681 So.2d 1136 (Fla.1996), that because ten years was below the statutory maximum for the offense, his sentence is not a legal habitual offender sentence. He also cites Welling v. State, 748 So.2d 314 (Fla. 4th DCA 1999), rev. denied, 770 So.2d 163 (Fla.2000). Welling, however, is distinguishable in that in Welling the sentence was imposed on a conviction, and in the present case, appellant agreed to be sentenced as a habitual offender under a negotiated plea. Where a defendant agrees to a habitual offender sentence in a negotiated plea agreement, he is not entitled to question the legality of his habitual offender sentence under King. Id. at 1140.
In two recent opinions, McFadden v. State, 773 So.2d 1237 (Fla. 4th DCA 2000) and Orr v. State, 793 So.2d 48 (Fla. 4th DCA 2001), we did not recognize the distinction the supreme court made in King, *448 between a habitual offender sentence based on a conviction, and a habitual offender sentence which is part of a negotiated plea. McFadden and Orr, accordingly, are not consistent with King. See Terry v. State, 778 So.2d 435 (Fla. 5th DCA), rev. granted, 790 So.2d 1108 (Fla.2001), in which the fifth district pointed out this distinction, disagreed with McFadden, and certified conflict.