FULMER, Judge.
Jerrode Barker appeals the denial of his motion to correct illegal sentence. While we do not approve the trial court’s reasoning, we agree that Barker is not entitled to relief and, therefore, affirm.
On December 16,1996, Barker entered a negotiated plea of guilty to delivery of cocaine, a second-degree felony. He agreed to be sentenced as a habitual offender to two years’ community control followed by two years’ probation. Barker violated his community control and was sentenced to ten years in prison as a habitual offender.
In his motion to correct illegal sentence, Barker cited to King v. State, 681 So.2d 1136 (Fla.1996), and Yashus v. State, 796 So.2d 540 (Fla. 5th DCA 1999),[1] to argue that, even though intended as such, his initial sentence of community control and probation was not a habitual offender sentence. He contended that the trial court was therefore without authority to impose a habitual offender sentence upon revocation of community control. The trial court denied Barker’s motion, concluding that Barker was legally sentenced as a habitual offender to a term of community control because a trial court has discretion to impose “a more lenient sentence for a term of years less than the maximum authorized by the habitual felony offender statute.”
This court recently certified conflict with Yashus in Lett v. State, 805 So.2d 950 at 951-52 (Fla. 2d DCA 2001) (en banc), in which we stated:
We are of the view that Yashus misinterpreted King. As we recently stated in Pankhurst v. State, 796 So.2d 618 (Fla. 2d DCA 2001):
The sentences provided for in the habitual offender statute have been interpreted by the supreme court to mean “any term of years” up to the maximum specified for the particular offense level, provided the term of years is not more lenient than that required by the habitual offender statute or recommended by the sentencing guidelines. Geohagen v. State, 639 So.2d 611 (Fla.1994); State v. Rinkins, 646 So.2d 727 (Fla.1994).
Thus, a non-negotiated habitual offender sentence must be for a term of years that equals or exceeds the minimum permitted guideline sentence. In other words, if the trial court wishes to impose a term of probation or a term of years that is below the permitted guidelines range, it must sentence pursuant to the guidelines and give reasons for the downward departure. However, a defendant may enter into a negotiated plea for a term of probation to be served as a habitual offender or a term of years as a habitual offender that is below the minimum guidelines range because, while such a sentence is not authorized by the habitual offender statute, it is not illegal and may be imposed pursuant to a plea agreement. King, 681 So.2d 1136; Walker v. State, 682 So.2d 555 (Fla.1996).
Barker would be entitled to relief if his initial sentence of community control had not been imposed pursuant to a negotiated plea. However, Barker alleged that he was placed on community control pursuant to a plea agreement with the State in which he *956 agreed to be sentenced as a habitual offender. Therefore, the trial court was authorized to impose a habitual offender sentence upon revocation of his community control. Accordingly, we affirm the denial of the motion to correct sentence.
Affirmed.
BLUE, C.J., and DAVIS, J., Concur.

. Yashus is erroneously designated as a Second District opinion in the Southern Reporter, Second Series. Yashus is a Fifth District case in which three members of this court were appointed to serve as a Fifth District panel.