803 So.2d 813 (2001)
Anthony HAMPTON, Appellant,
v.
STATE of Florida, Appellee.
No. 2D01-2385.
District Court of Appeal of Florida, Second District.
December 21, 2001.
ALTENBERND, Acting Chief Judge.
Anthony Hampton appeals the trial court's order summarily denying his motion *814 to correct illegal sentences pursuant to Florida Rule of Criminal Procedure 3.800(a). In the motion, Mr. Hampton argued that his habitual offender sentences entered after he violated probation were illegal because his original sentences were not terms of imprisonment. See Pankhurst v. State, 796 So.2d 618 (Fla. 2d DCA 2001). Because Mr. Hampton agreed to plead guilty in exchange for sentences with a maximum term of six years' imprisonment as a habitual offender, we conclude that this case is distinguishable from Pankhurst and is controlled instead by Barker v. State, 805 So.2d 954 (Fla. 2d DCA 2001). Accordingly, we affirm.
In 1991, Mr. Hampton entered a plea of nolo contendere to two charges of sale of cocaine in case numbers 90-480 and 90-476 and to a sale of counterfeit controlled substance in case number 90-481. He was eligible for sentencing as a habitual offender, but his scoresheet recommended a sentence range from community control up to imprisonment for thirty months. Although Mr. Hampton's plea agreement did not require that he receive any particular sentence, it was not a totally open plea. He entered his plea with the understanding that the most severe sentence he could receive was a six-year term of imprisonment as a habitual offender.
At the sentencing hearing on January 8, 1991, the trial court decided that Mr. Hampton should be given a final chance to turn his life around. The record reflects the following colloquy:
THE COURT: Don't let me down now, Hampton. This is the first time I've tried this. If you goof up, then I won't ever want to try it again.
THE DEFENDANT: Yes, sir.
THE COURT: Okay. I'm going to adjudicate you guilty; I'm going to sentence you to two years' community control as a career criminal, and find that it's necessary for the protection of society and all those sort of good things. And then ten years' probation consecutive to that; as a condition of that, that you not violate any laws, that you not participate in any drugs-stay off of drugs and alcohol. Okay.
THE DEFENDANT: Yes, sir.
In case number 90-481, Mr. Hampton apparently violated probation and was sentenced to one year in county jail in January 1992. From our record, it appears that the sentence in that case has been fully served.
In case numbers 90-480 and 90-476, Mr. Hampton admitted a violation of probation in September 1992. At that time, he received two concurrent twenty-year sentences of imprisonment as a habitual offender. Mr. Hampton now claims that he could not receive prison terms as a habitual offender in 1992 because, although he was declared a habitual offender in 1991, he received sentences that were not for a term of imprisonment. See Pankhurst, 796 So.2d 618; Yashus v. State, 745 So.2d 504 (Fla. 5th DCA 1999).[1]
In Pankhurst, this court recognized that the habitual offender statute did not authorize a sentence less than a "term of years." Thus, a trial court that imposed a more lenient sentence of probation did not actually impose a habitual offender sentence, *815 and upon revocation of that probation the trial court could not impose habitual offender sanctions. 796 So.2d at 620-21. We noted, however, that relief from such a sentence under rule 3.800(a) would not be available when the initial sentence was the result of a negotiated plea. 796 So.2d at 619 n. 1. Following this rationale, in Barker, 805 So.2d at 955-56, we concluded that Mr. Barker's habitual offender sentence upon revocation of his probation was not illegal, because Mr. Barker had accepted the benefits of a negotiated plea agreement to obtain a sentence of community control and probation in exchange for the risk of habitual offender sanctions should he violate the terms of his supervision. Our decision in Barker recognized that this holding was in conflict with the Fifth District's holding in Yashus, 745 So.2d 504, which also involved a negotiated plea. Barker, 805 So.2d at 955.
The dispositive issue in this case, therefore, is whether Mr. Hampton's plea was a negotiated plea allowing for a term of probation as a habitual offender or a non-negotiated plea that would only permit habitual offender status if the sentence were a term of years. We conclude that a negotiated plea that permits any sentence, including probation up to a term of years as a habitual offender, is the type of negotiated plea that permits the imposition of a habitual offender sentence on violation of probation. Thus, Mr. Hampton's habitual offender sentences are not illegal. We recognize that our conclusion in this case is contrary to the decision in Yashus and the Fourth District's decision in McFadden v. State, 773 So.2d 1237 (Fla. 4th DCA 2000). It is consistent, however, with Terry v. State, 778 So.2d 435 (Fla. 5th DCA 2001), review granted, 790 So.2d 1108 (Fla.2001), a case currently pending review by the Florida Supreme Court.
Affirmed, conflict certified.
FULMER and CASANUEVA, JJ., concur.
NOTES
[1] Yashus v. State, 745 So.2d 504 (Fla. 5th DCA 1999), was erroneously designated as a Second District opinion in the Southern Reporter, Second Series. Yashus was actually a Fifth District case in which three members of this court were appointed to serve as Associate Judges as a Fifth District panel. A corrected opinion has been published. Yashus v. State, 796 So.2d 540 (Fla. 5th DCA 1999).