808 So.2d 1249 (2002)
James TERRY, Petitioner,
v.
STATE of Florida, Respondent.
No. SC01-383.
Supreme Court of Florida.
January 24, 2002.
*1250 James B. Gibson, Public Defender, and Nancy Ryan, Assistant Public Defender, Seventh Judicial Circuit, Daytona Beach, FL, for Petitioner.
Robert A. Butterworth, Attorney General, Kellie A. Nielan, Bureau Chief, and Bonnie Jean Parrish and Mary G. Jolley, Assistant Attorneys General, Daytona Beach, FL, for Respondent.
QUINCE, J.
We have for review the opinion in Terry v. State, 778 So.2d 435 (Fla. 5th DCA 2001), which certified conflict with the opinions in Yashus v. State, 745 So.2d 504 (Fla. 2d DCA 1999),[1] and McFadden v. State, 773 So.2d 1237 (Fla. 4th DCA 2000). We have jurisdiction. See art. V, § 3(b)(4), Fla. Const. For the reasons expressed below, we resolve the certified conflict by approving the decision below and disapproving McFadden to the extent it conflicts with this decision.
James Terry (Terry) pled guilty to one count of aggravated battery and two counts of violating probation pursuant to a written negotiated plea agreement with the State. Terry's plea agreement provided:
Cap of midrange of the guidelines DOC on all three cases concurrent. Court may sentence defendant as a habitual offender on the aggravated battery, term of probation to follow in the Court's discretion. No probation to follow on the VOP cases.
On February 2, 1996, the trial court accepted Terry's plea, but deferred sentencing until March 12, 1996. On March 12, the trial court sentenced Terry to 54 months in prison followed by 60 months' probation. The trial court announced that Terry was to be designated an habitual offender and also issued a written order to this effect.
Terry served his full prison term and then began serving probation, but in 1999 was charged with violation of probation, which he admitted. On March 14, 2000, the trial court held a hearing on Terry's admission and conducted a sentencing proceeding. The trial court sentenced Terry to fifteen years in prison (with credit for time served) as an habitual offender. On appeal to the Fifth District, Terry challenged the habitual offender sentence. See Terry v. State, 778 So.2d 435 (Fla. 5th DCA 2001). The Fifth District affirmed Terry's sentence, but certified conflict with Yashus and McFadden. See id. at 437.
*1251 The decision below certified conflict on the issue of whether it is proper to sentence a defendant as an habitual offender following violation of probation when the defendant's original sentence was within the sentencing guidelines range, but where the defendant's plea agreement contemplated habitual offender treatment and the defendant was declared to be an habitual offender at the time of the original sentencing.
In essence, Terry claims that because his original sentence was within the guidelines range, it did not have the legal effect of an enhanced sentence. Therefore, he argues, it is contrary to law to impose an enhanced sentence for the first time after violation of probation. The State replies that Terry's sentence is proper pursuant to King v. State, 681 So.2d 1136 (Fla.1996), Walker v. State, 682 So.2d 555 (Fla.1996), and Dunham v. State, 686 So.2d 1356 (Fla. 1997). We agree with the State.
In King, the defendant was convicted by a jury. At sentencing, the trial judge found that King qualified as an habitual offender, but imposed a guidelines sentence of ten years in prison followed by two years' probation. The defendant was not designated as an habitual offender. After serving the prison time, King violated his probation. The State filed a notice of its intent to seek habitual felony offender sentencing. The judge sentenced King to thirty years in state prison as an habitual offender. On appeal, the issue presented to this Court was whether a trial judge, upon revocation of probation, can lawfully impose an habitual offender sentence despite having declined to impose such a sentence at the original sentencing. See King, 681 So.2d at 1138. We concluded:
Having served the imprisonment portion of his sentence under the guidelines, King cannot be sentenced as an habitual offender upon revocation of probation. Hybrid split sentences of incarceration without habitual offender status followed by probation as an habitual offender are not authorized by section 775.084 and are in fact inconsistent with the plain language of the statute.
Id. at 1140. We also concluded, however, that "a hybrid split sentence of incarceration under the guidelines followed by probation as an habitual offender, although not authorized by statute or rule, is not an illegal sentence unless the total sentence imposed exceeds the statutory maximum for the particular offense at issue." Id.
In King, we went on to discuss the conflict case, Davis v. State, 623 So.2d 547 (Fla. 2d DCA 1993). In Davis, the defendant agreed to a hybrid split sentence as part of a negotiated plea agreement. The defendant pled guilty to burglary of a structure and was sentenced to eighteen months' imprisonment followed by two years' probation. The defendant was not sentenced to prison as an habitual offender, but the sentence form provided that he would serve his probation as an habitual offender. The district court found the trial court could not impose a hybrid split sentence, i.e., incarceration without habitual offender status followed by probation as an habitual offender. See id. at 548. In King, however, we disapproved Davis and found that a trial court can impose a negotiated sentence that is not specifically authorized by statute; "However, we distinguish those instances where a defendant agrees to such a sentence as part of an otherwise valid plea agreement and the negotiated sentence does not exceed the statutory maximum for the particular offense involved." 681 So.2d at 1140. Thus under King, a hybrid split sentence of incarceration under the guidelines, followed by probation as an habitual offender, is permissible as long as the defendant has a valid plea agreement to this effect *1252 and as long as the negotiated sentence does not exceed the statutory maximum for the particular offense involved.
In Walker, the defendant pled guilty to the crime charged with the understanding that he would be sentenced to five and one-half years' probation and that he would be treated as an habitual offender if he violated probation. Walker was eventually sentenced according to the plea agreement and appealed. On appeal, the district court affirmed the defendant's conviction and sentence in a per curiam opinion with citation to King. We agreed that Walker's sentence was proper but disapproved the district court's reasoning, reiterating language from King that "where a defendant agrees to such a sentence as part of an otherwise valid plea agreement and the negotiated sentence does not exceed the statutory maximum for the particular offense involved, the court may impose incarceration under the guidelines followed by probation as an habitual offender." 682 So.2d at 556. As to the defendant, we stated that "the record reveals that Walker's sentence was part of a plea bargain, that he understood the consequences of the sentence, and that the negotiated sentence did not exceed the maximum allowed by law for the offense of delivery of cocaine." Id. Similarly, in Dunham v. State, 686 So.2d 1356 (Fla. 1997), we stated:
In Walker, as in the instant case, the defendant was determined to be a habitual offender but as part of a plea bargain was not sentenced as such. Instead, he was sentenced to five years in prison followed by five years' probation, a sentence well below the sentencing guidelines, with the understanding that in the event of a subsequent probation violation he could be sentenced as a habitual offender. Thereafter, when he violated his probation, he was sentenced as a habitual offender.
In Walker, we relied upon our prior decision in King v. State, 681 So.2d 1136 (Fla.1996), in which we approved such a hybrid sentencing arrangement if the defendant had agreed to it at the time of his original sentencing.
686 So.2d at 1356. See also Rodriguez v. State, 766 So.2d 1147 (Fla. 3d DCA 2000) (defendant not entitled to have habitual offender status stricken because the habitual offender adjudication was the result of a plea bargain and would not be disturbed).
The law from King, Walker, and Dunham is clear; if a defendant agrees to a hybrid split sentence as part of an otherwise valid plea agreement and the negotiated sentence does not exceed the statutory maximum for the particular offense involved, the court may impose incarceration under the guidelines followed by probation as an habitual offender. In the instant case, the negotiated plea agreement gave the trial court discretion to sentence Terry as an habitual offender, which the trial court did. The plea agreement also provided that Terry's prison sentence was to be capped at the midrange of the guidelines, which it was. Therefore, even though Terry's actual prison time was within the guidelines, he agreed to allow the trial court to decide whether to impose habitual offender status at the time of sentencing.
We note that the hybrid split sentence discussed in King is slightly different from the split sentence in this case. In King, the hybrid split sentence imposed was a sentence of incarceration without habitual offender status, and thus under the guidelines, followed by probation as an habitual offender. Even so, we noted that if this sentence had been imposed pursuant to a valid plea agreement this Court would have upheld it. See King, 681 So.2d at *1253 1140. Here, Terry's split sentence was a sentence of incarceration with habitual offender status, under the guidelines, followed by probation as an habitual offender, all pursuant to a valid plea agreement. If anything, the facts of the instant case present an even stronger reason to uphold the sentence. In other words, if we would have upheld King's sentence had it been imposed pursuant to a plea agreement, then Terry's sentence should be upheld because it was not only imposed pursuant to a plea agreement but also allowed the trial court to impose habitual offender status at the time of original sentencing, which it did. Terry was on notice that if he violated probation he could face an habitual offender sentence because he was designated an habitual offender at the time of sentencing.
As to the certified conflict with McFadden v. State, 773 So.2d 1237 (Fla. 4th DCA 2000), we disapprove McFadden to the extent it conflicts with this decision. On appeal, McFadden argued the trial court erred in sentencing him as an habitual offender upon revocation of his probation since he did not receive an habitual offender sentence at his original sentencing. The Fourth District agreed, concluding that because McFadden was initially sentenced to only two years' probation, his original sentence fell short of an habitual offender term and thus "McFadden cannot be sentenced as an habitual offender upon revocation of probation, notwithstanding his plea agreement to be treated as an habitual offender." Id. at 1238.
At sentencing, McFadden was designated an habitual offender as part of a plea agreement in exchange for his guilty plea to the charge of robbery with a firearm, but was given a sentence that fell short of an habitual offender term. Upon violation of probation, McFadden was given an habitual offender sentence. Under King, Walker, and Dunham, this type of hybrid split sentence pursuant to a plea agreement is clearly proper.
We therefore approve the decision of the Fifth District in this case and disapprove the decision of the Fourth District in McFadden.
It is so ordered.
WELLS, C.J., and SHAW, HARDING, ANSTEAD, PARIENTE, and LEWIS, JJ., concur.
NOTES
[1] Jurisdiction in this case cannot be based on conflict with Yashus v. State, 745 So.2d 504 (Fla. 2d DCA 1999). Although Yashus appears to be a decision of the Second District, it actually is a decision of the Fifth District decided by a panel of judges from the Second District sitting as the Fifth District. A corrected opinion has been published. See Yashus v. State, 796 So.2d 540 (Fla. 5th DCA 1999). This Court's jurisdiction does not extend to intra-district conflict.