PER CURIAM.
Kevin Inman (Appellant) appeals an order summarily denying his motion to correct illegal sentence, filed pursuant to rule 3.800(a), Florida Rules of Criminal Procedure, with respect to offenses committed on January 24, 1997. His motion raised two grounds for relief: (1) he was illegally sentenced both as a habitual felony offender and also to a guidelines mitigated departure; and (2) because he was sentenced to a guidelines departure sentence under the unconstitutional 1995 *219 guidelines, he must be resentenced under the valid 1994 guidelines to a downward departure. See Heggs v. State, 759 So.2d 620 (Fla.2000)(sustaining a constitutional challenge to the 1995 sentencing guidelines, enacted by chapter 95-184, based on violation of the single subject rule). We affirm in part and reverse in part.
Section 775.084(4)(d), Florida Statutes (Supp.1996), requires the court to impose a sentence without regard to the ha-bitualization statute if it decides that a sentence under section 775.084 is not necessary for the protection of the public. When a court imposes a sentence more lenient than that recommended by the guidelines, the judge has necessarily determined that habitual offender sentencing was not necessary. See State v. Rinkins, 646 So.2d 727, 729 (Fla.1994) (citing Geohagen v. State, 639 So.2d 611 (Fla.1994)).
While the instant denial was on appeal, our supreme court decided Terry v. State, 808 So.2d 1249 (Fla.2002), and held that a hybrid sentence, both guidelines and habitual, may be valid if it is the product of a plea which the defendant negotiated with the state. The portions of the record that were furnished to this court do not establish whether or not Appellant’s sentence was the product of a negotiated plea. In response to this court’s order that the parties address Terry, Appellant represents that his guilty plea was entered open to the court, placing himself at the court’s mercy with respect to sentencing, and the state has not contradicted that representation. Accordingly, we reverse the denial as to Appellant’s first ground for relief and instruct the trial court on remand to deny this ground of the motion only if it attaches record documents demonstrating that the challenged sentences were the product of negotiations with the state.
We affirm as to the second ground. Even if the habitual designation is struck from Appellant’s sentences when the trial court rules again on Appellant’s first ground for relief, the proposed 1994 sentencing guidelines scoresheet which the state attached to its response below and which the trial court attached to its order of denial establishes that Appellant’s sentences, although below the 1995 guidelines sentencing range, would fall within the 1994 guidelines sentencing range. Relief under Heggs is properly denied if the sentence imposed under the 1995 guidelines could lawfully have been imposed under the 1994 guidelines without a departure. See Heggs, 759 So.2d at 627. This is the case even where the sentence was a downward departure from the 1995 guidelines but falls within the sentencing range under the 1994 guidelines. See Bostic v. State, 768 So.2d 534 (Fla. 4th DCA 2000).
Affirmed in part, reversed in part, and remanded for further proceedings.
POLEN, C.J., WARNER and KLEIN, JJ., concur.