QUINCE, J.
We have for review Orr v. State, 793 So.2d 48 (Fla. 4th DCA 2001), a decision of the Fourth District Court of Appeal which cited its opinion in McFadden v. State, 773 So.2d 1237 (Fla. 4th DCA 2000), vacated, No. SC01-377, 819 So.2d 139 (Fla. May 14, 2002), as controlling authority. This Court disapproved McFadden in Terry v. State, 808 So.2d 1249 (Fla.2002). We have jurisdiction. See art. V, § 3(b)(3), Fla. Const.
In this case the Fourth District concluded, pursuant to its earlier decision in McFadden, that the trial court erred when it sentenced Orr to habitual offender sentences upon revocation of his probation. Orr v. State, 793 So.2d at 50. However, we disapproved McFadden in Terry, finding that McFadden’s hybrid split sentence was proper because McFadden was designated a habitual offender as part of a plea agreement although his initial sentence fell short of a habitual offender term. See Terry, 808 So.2d at 1253. Because we disapproved McFadden in Terry, and the decision below expressly relied on McFadden, the decision below is disapproved to the extent it conflicts with Terry.
In the instant case, the trial court did not err in imposing habitual offender sentences after Orr violated probation because Orr entered a negotiated plea agreeing to habitualization at the time of his original sentencing. For the reasons expressed in our recent decision of Terry, we quash the decision below.
It is so ordered.
ANSTEAD, C.J., and SHAW, HARDING, WELLS, and LEWIS, JJ, concur.
PARIENTE, J., recused.