FLETCHER, Judge.
Lindy Restaino appeals the order of the trial court denying his motion to correct illegal sentence pursuant to Florida Rule of Criminal Procedure 3.800(a). We affirm.
In 1994, Restaino was arrested and charged with second-degree arson and burglary of an occupied structure. Rather than go to trial, Restaino entered an open plea and asked the court to grant probation to allow him to complete a drug treatment program. The court granted probation, but put Restaino on notice that he would serve probation as an habitual offender and would receive an enhanced sentence pursuant to section 775.084, Florida Statutes (1995) if he violated probation. Within the year, Restaino violated probation, and the court sentenced him to twenty years in prison. Restaino now challenges the legality of the enhanced sentence.
In Terry v. State, 808 So.2d 1249 (Fla.2002), the supreme court dealt with the principle that where a trial court determines a defendant to be an habitual offender but the court decides not to sentence the defendant as such, the court cannot, upon revocation of probation, re-sentence the defendant under the habitual offender statute. However, the court articulated an exception that if a defendant agrees to a hybrid split sentence as part of an otherwise valid plea agreement and the negotiated sentence does not exceed the statutory maximum the court may impose incarceration under the guidelines followed by probation as an habitual offender. Upon revocation of probation, the trial court may impose an habitual offender sentence. Such sentences, although not authorized by the habitual offender statute, are not illegal and therefore are permissible.
Here, the plea colloquy reveals a clear intention to sentence the defendant as an habitual offender. After a lengthy colloquy, the court agreed to probation but reserved the right to impose enhanced sentencing if Restaino violated probation, a condition to which Restaino agreed. The option to apply section 775.084, Florida Statutes (1995) upon revocation of probation thus became a condition of the plea agreement. Pursuant to this exception, Restaino’s original plea agreement is entirely proper.
The order of the trial court denying Restaino’s motion to correct illegal sentence is affirmed.