# Supreme Court of Florida

————

No. SC21-1327

————

**CANDIE LYNN WALKER,**
Petitioner,

vs.

**STATE OF FLORIDA,**
Respondent.

January 6, 2022

LAWSON, J.

Petitioner, Candie Lynn Walker, through counsel, seeks to invoke this Court's discretionary jurisdiction under article V, section 3(b)(3) of the Florida Constitution, which allows us to review, among other things, "any decision of a district court of appeal that . . . expressly and directly conflicts with a decision of another district court of appeal . . . on the same question of law." Counsel's jurisdictional brief argues that we are empowered to review the First District Court of Appeal's decision in *Walker v. State*, 324 So. 3d 60 (Fla. 1st DCA 2021), because it conflicts with a

decision in another case "decided in the same district court of appeal." This argument is contrary to the plain language of our constitution, which only grants discretionary jurisdiction under this clause when a decision from one district court "conflicts with a decision of *another* district court of appeal." Art. V, § 3(b)(3), Fla. Const. (emphasis added). Not surprisingly, our precedent also makes clear that "[t]his Court's jurisdiction does not extend to intra-district conflict." *Terry v. State*, 808 So. 2d 1249, 1250 n.1 (Fla. 2002).

Because the only jurisdictional argument presented in Walker's brief is contrary to our constitution and precedent, we deny Walker's petition.

It is so ordered.

CANADY, C.J., and POLSTON, LABARGA, MUÑIZ, COURIEL, and GROSSHANS, JJ., concur.

NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING MOTION AND, IF FILED, DETERMINED.

Application for Review of the Decision of the District Court of Appeal
    Direct Conflict of Decisions

    First District - Case No. 1D20-608

    (Escambia County)

Philip J. Massa of Philip J. Massa, P.A., West Palm Beach, Florida,

for Petitioner

Ashley Moody, Attorney General, and David Welch, Assistant Attorney General, Tallahassee, Florida,

for Respondent